**Thomas J. FAUST, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 94–578 T.

United States Court of Federal Claims.

Aug. 10, 1995.

Thomas J. Faust, Corte Madera, CA, pro se.

Bartholomew Cirenza, with whom were Assistant Attorney General Loretta C. Argrett and Mildred L. Seidman, Washington, DC, for defendant.

## OPINION AND ORDER

TURNER, Judge.

This opinion addresses plaintiff's motion filed January 17, 1995 for summary judgment and defendant's cross-motion filed April 21, 1995 for summary judgment. The matter has been fully briefed, and oral argument is deemed unnecessary. We conclude that defendant's motion for summary judgment should be granted and, accordingly, that plaintiff's motion for summary judgment should be denied.

I

The facts are not in dispute. On March 11, 1988, plaintiff filed in a federal district court in California a tax refund suit against the government for the alleged overpayment of employment taxes for tax quarters ending September 30, 1982 through September 30, 1983.[1] The government asserted a counterclaim for 100% of the unpaid penalty, plus all interest and penalties allowed by law.[2] A

---

1. *Thomas J. Faust v. United States*, No. C–88–0893 (N.D.Cal. filed March 11, 1988).

2. The government counterclaim was brought pursuant to 26 U.S.C. § 6672 (1995), which provides in part:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall ... be liable to a penalty equal to the

bench trial was held in 1991, and the district court entered a final order on August 20, 1992 directing judgment in favor of the government on its counterclaim, including all claims for interest and penalties asserted therein.

Plaintiff subsequently appealed the decision of the district court to the United States Court of Appeals for the Ninth Circuit on October 16, 1992. Despite the pending appeal, plaintiff filed Form 656, Offer in Compromise, with the Internal Revenue Service (IRS), offering to settle the outstanding matter for $5,000. Plaintiff's Offer in Compromise was accepted by an IRS official in a letter dated March 15, 1993, and plaintiff paid $5,000 to the IRS on April 6, 1993. Shortly thereafter, plaintiff filed a motion to dismiss the appeal in the Ninth Circuit.

On July 28, 1993, the IRS formally rescinded the acceptance of plaintiff's Offer in Compromise, explaining that it lacked jurisdiction to enter a settlement agreement after referral of the matter to the Department of Justice (DOJ) and that, therefore, the compromise agreement was null and void. *See* 26 U.S.C. § 7122(a) (1995).[3] An IRS Certificate of Assessments and Payments reflects that plaintiff's $5,000 payment was reversed accordingly. As a result of the rescission letter, plaintiff filed to reinstate his appeal in the Ninth Circuit. The appeals court granted the motion to reinstate on October 8, 1993.

The Ninth Circuit affirmed the district court's judgment entered August 20, 1992 in a memorandum opinion dated July 7, 1994. *Faust v. United States,* No. 92–16833, 1994 WL 327584, 1994 U.S.App. LEXIS 17119, (9th Cir. Jul. 7, 1994). Before reaching the merits of the lower court's decision, the Ninth Circuit expressly addressed whether the purported settlement agreement constituted an accord and satisfaction of plaintiff's tax liability. The Court of Appeals conclud-

ed that because the IRS was divested of jurisdiction to reach a compromise agreement upon referral to DOJ, there was no accord and satisfaction. The court then affirmed the district court's finding that plaintiff was personally responsible for the assessed tax liabilities.

Plaintiff instituted this action on September 2, 1994 seeking a declaration that the settlement agreement reached with the IRS was valid and is binding.[4] He subsequently filed a motion for summary judgment on January 17, 1995. The crux of plaintiff's dispositive motion is that an accord and satisfaction occurred when the IRS accepted and deposited plaintiff's $5,000 check. Plaintiff also asserts claims based upon an estoppel theory, equal protection violations, and harassment.

Defendant responds that the doctrine of *res judicata* precludes this court from redetermining an issue that has already been decided. It suggests that the Ninth Circuit addressed plaintiff's theory of accord and satisfaction and denied its applicability. Thus, defendant argues, plaintiff's claim relying upon the Offer in Compromise reached March 15, 1993 must fail. In the alternative, defendant cites substantial statutory authority to support its argument that the Offer in Compromise was null and void as an unacceptable method of compromising a tax case. Finally, defendant argues that plaintiff has no basis for its claims of estoppel or unlawful discrimination by the IRS.

## II

Although the parties have addressed a number of issues, we find only one to be relevant: whether the doctrine of *res judicata* precludes our consideration of plaintiff's claim. Plaintiff alleges that the Ninth Circuit's determination that there was no accord and satisfaction of the tax liability is invalid in light of *Kokkonen v. Guardian Life Insur.*

---

total amount of the tax evaded, or not collected, or not accounted for and paid over.

3. 26 U.S.C. § 7122(a) provides:
The Secretary may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense; and the

Attorney General or his delegate may compromise any case after reference to the Department of Justice for prosecution or defense.

4. Plaintiff describes the action filed in the Court of Federal Claims as a "breach of contract tax dispute." Pl. Am. Cplt. at 2.

*Co. of Amer.*, —— U.S. ——, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (holding that a federal district court lacks jurisdiction over a claim for breach of a settlement agreement constituting the basis for dismissal of an earlier federal suit), *rev'g* 993 F.2d 883 (9th Cir.1993). Plaintiff claims that the Supreme Court's holding in *Kokkonen* divests the Ninth Circuit of jurisdiction to hear claims concerning the settlement dispute in the first instance. Thus, says plaintiff, the doctrine of *res judicata* is inapplicable because the issue of accord and satisfaction has never been heard by a competent court. In essence, plaintiff contends that the portion of the July 7, 1994 opinion pertaining to accord and satisfaction is merely dicta to which the rule of *res judicata* does not attach.

We believe that plaintiff has misread *Kokkonen.* In that case, the parties entered a settlement agreement and executed a stipulation and order of dismissal with prejudice in the district court. The settlement agreement was not mentioned in either the stipulation or the order of dismissal. *Id.,* —— U.S. at —— – ——, 114 S.Ct. at 1674–75. A subsequent dispute arose concerning the terms of the agreement, and one party filed a motion to enforce the agreement in the same district court which had entered the order of dismissal. *Id.* at ——, 114 S.Ct. at 1675. The Supreme Court concluded that the suit to enforce the settlement agreement was a distinct breach of contract action over which the district court lacked subject-matter jurisdiction. *Id.* Justice Scalia, writing for a unanimous Court, noted that the enforcement of the settlement agreement was an entirely independent claim, not merely "a continuation or renewal of the dismissed suit." *Id.* at ——, 114 S.Ct. at 1676. The district court therefore lacked inherent power to enforce the terms of the settlement agreement under the doctrine of ancillary jurisdiction. *Id.* at ——, 114 S.Ct. at 1677.

The Court's opinion sets forth the circumstances in which the assertion of ancillary jurisdiction over such a claim would be appropriate:

(1) to permit disposition by a single court of claims that are, in varying respects and degrees factually interdependent, [citations omitted]; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees [citations omitted].

*Id.* at ——, 114 S.Ct. at 1676. The Court found that neither of these purposes would be served by the assertion of ancillary jurisdiction over respondent's claim. *Id.*

■ Unlike the agreement in *Kokkonen,* a determination of the validity of the settlement agreement was essential to the Ninth Circuit's opinion. Indeed, before the Ninth Circuit could resolve the remainder of plaintiff's appeal, the Court had to address whether a settlement agreement existed. If an accord and satisfaction had occurred, the appeal would proceed no further. Thus, contrary to the claim in *Kokkonen,* the settlement issue before the Ninth Circuit was not independent and distinct, but "factually interdependent." *Id.* at ——, 114 S.Ct. at 1676. The second rationale for the assertion of ancillary jurisdiction was also applicable, for without the ability to resolve plaintiff's allegation of an accord and satisfaction, the Ninth Circuit would have been unable to "manage its proceedings, vindicate its authority, and effectuate its decrees" by addressing the merits of the appeal. *Id.*

■ Having concluded that *Kokkonen* is not applicable, we next address whether the Ninth Circuit properly reviewed plaintiff's claim that an accord and satisfaction occurred. The Court of Appeals expressly opined:

A valid settlement of the district court's judgment, once paid, would have completely and irrevocably eradicated the effects of Faust's alleged violations of the Internal Revenue Code and rendered his appeal moot. [Citations omitted]. Unfortunately for Faust, he did not reach a settlement with the appropriate government authority. The purported settlement was not valid and this appeal is not moot.

This case had been referred to the Department of Justice for defense shortly after Faust brought his civil action in the district court in March of 1988. At that moment, the IRS was divested of its authority to compromise the case. 26 U.S.C.

§ 7122(a). More than five years later, the director of the IRS's Sacramento collection division plainly lacked authority to compromise the case. [Citation omitted].

One party (Faust) may have agreed to settle this case, but the other (the United States) did not. Neither the Attorney General nor her delegates in charge of this case, who were the only people authorized to settle this case on behalf of the United States, ever agreed to the purported settlement. The settlement is not effective and there was no accord and satisfaction of the district court's judgment. [Citation omitted].

*Faust*, 1994 WL 327584, 1994 U.S.App. LEXIS 17119, Def.App. B at 173–76. The issue of settlement *vel non* was thus squarely addressed on the merits. Furthermore, plaintiff's implication that an appellate court may never hear an issue in the first instance is unpersuasive. In the case on appeal before the Ninth Circuit, the facts providing the basis of plaintiff's claim were not in dispute; therefore, whether an accord and satisfaction had occurred was a pure question of law raised by the plaintiff himself as the basis for entitlement to a reduction of the trial court's judgment to the $5,000 amount agreed to in the settlement document. *See Ets–Hokin v. United States*, 190 Ct.Cl. 668, 420 F.2d 716, 723–24 (1970) ("[I]t is not necessary to have a determination by the [lower court] on this question in the first instance, since what is involved here is a ... question of law which the court may properly consider de novo...").

Because the Ninth Circuit properly addressed plaintiff's claim of accord and satisfaction, we conclude that *res judicata* applies, and we are bound by the law of the case. The well-settled doctrine of *res judicata* provides:

> [W]hen a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to a suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

*Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 *quoting Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195 (1876). The Ninth Circuit necessarily and properly addressed the issue of plaintiff's purported settlement and expressly resolved it in favor of the government. We are bound by the Ninth Circuit's decision.

### III

Based on the foregoing, plaintiff's motion for summary judgment filed January 17, 1995 is DENIED, and defendant's cross-motion for summary judgment filed April 21, 1995 is GRANTED. Judgment shall be entered in favor of defendant dismissing the complaint. (In view of this resolution, plaintiff's pending motion pertaining to the striking of an affidavit is moot.)

Pursuant to RCFC 54(d), costs shall be allowed to the defendant ("the prevailing party").