Thomas J. FAUST, Plaintiff–Appellant,

v.

The UNITED STATES, Defendant–Appellee.

No. 96–5001.

United States Court of Appeals, Federal Circuit.

Nov. 26, 1996.

Rehearing Denied Jan. 21, 1997.

David R. Shane, Shane & Taitz, L.L.P., San Francisco, CA, argued, for plaintiff-appellant.

John A. Nolet, Attorney, Tax Division, Department of Justice, Washington, DC, argued, for defendant-appellee. With him on the brief, were Loretta C. Argrett, Assistant Attorney General, Gary R. Allen, Chief, Appellate Section, and Bruce R. Ellisen, Attorney.

Before LOURIE, CLEVENGER and BRYSON, Circuit Judges.

LOURIE, Circuit Judge.

Thomas J. Faust appeals from the judgment of the United States Court of Federal Claims dismissing his complaint which sought a declaration that he had a binding settlement agreement with the Internal Revenue Service (IRS). *Faust v. United States,* 33 Fed. Cl. 807 (1995). Because Faust's claim is barred by *res judicata,* otherwise known as "claim preclusion," we affirm.

## BACKGROUND

The salient facts are not in dispute. The IRS determined that Faust owed taxes, penalties, and interest arising from his failure to properly collect and pay employment taxes on behalf of his employees. After paying a portion of the taxes, Faust filed a tax refund suit in the United States District Court for the Northern District of California alleging that he did not owe the disputed assessment. The government, represented by the Department of Justice (DOJ) in the refund suit, asserted a counterclaim seeking to reduce to judgment the balance of the assessment including all unpaid penalties and interest allowed by law. The district court denied Faust's claim and entered judgment for the government on its counterclaim in an amount exceeding $750,000 for taxes and interest due. Faust appealed the judgment to the United States Court of Appeals for the Ninth Circuit.

Immediately following the district court's judgment and prior to his appeal, Faust presented an "offer in compromise" to the IRS seeking to settle the tax liability. He offered the IRS $5,000 in settlement, claiming that he was unable to pay the full amount of his liability. Without realizing that the assessed liability had already been adjudicated by the district court, IRS officials accepted Faust's offer, which included the following provision:

> It is agreed that upon notice to the taxpayer-proponents that the offer has been accepted, the taxpayer-proponents shall have no right to contest in court or otherwise the amount of the liability to be compromised.

Faust then voluntarily dismissed his appeal on the ground that he had reached a settlement with the IRS. Shortly thereafter, the DOJ informed Faust that the IRS lacked authority to contractually bind the government because, under 26 U.S.C. § 7122(a) (1994), the DOJ had exclusive authority to settle Faust's claim. That subsection provides:

> The Secretary may compromise any civil or criminal case arising under the internal revenue laws prior to reference to the Department of Justice for prosecution or defense; and the Attorney General or his delegate may compromise any case after reference to the Department of Justice for prosecution or defense.

Three months later, the IRS formally rescinded its purported acceptance of Faust's offer, explaining that the compromise agreement was null and void because the IRS lacked authority to settle Faust's claim after the matter was referred to the DOJ for defense of Faust's tax refund suit.

Faust then requested that the Ninth Circuit reinstate his appeal, arguing that he failed to pursue the appeal earlier because of his alleged settlement agreement with the government. The Ninth Circuit granted Faust's request over the government's objection that the appeal was untimely. On ap-

peal, Faust contested the district court's judgment and further argued that the government breached the settlement agreement by rescinding its acceptance of his offer in compromise. In addition, Faust asserted that the Ninth Circuit should at least reduce that district court's judgment to $5,000 in light of the settlement agreement.

The Ninth Circuit affirmed the district court's judgment in its entirety. *Faust v. United States,* 28 F.3d 105 (9th Cir.1994) (unpublished table decision, text in Westlaw, No. 92–16833). Before reaching the merits, the Ninth Circuit noted that a valid settlement of the district court's judgment would have rendered Faust's appeal moot. The court then determined that the acceptance of Faust's offer in compromise was not a valid settlement and that the appeal was not moot. Specifically, the Ninth Circuit concluded that because the IRS lacked authority to settle the case upon referral to the DOJ under 26 U.S.C. § 7122(a), there was no accord and satisfaction of the judgment.

Faust then commenced his action in the United States Court of Federal Claims seeking a declaration that his alleged settlement agreement with the IRS was valid and binding and asserting that he was damaged by the government's breach of that contract. Faust asserted that an accord and satisfaction occurred when the IRS accepted his $5,000 in compromise of his tax liability. He also asserted claims based upon an estoppel theory, equal protection, and harassment. The government argued that his claim was barred by *res judicata.* In response to the government's argument, Faust asserted that under the Supreme Court's decision in *Kokkonen v. Guardian Life Insurance Co.,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), the Ninth Circuit lacked jurisdiction over the settlement agreement. Therefore, Faust argued, the Ninth Circuit's holding concerning the validity of the agreement could not defeat his claim for breach of contract in the Court of Federal Claims.

The Court of Federal Claims disagreed, stating that Faust misread *Kokkonen.* The court noted that Faust's case met the tests enumerated in *Kokkonen* according to which ancillary jurisdiction is appropriate. After determining that the Ninth Circuit had jurisdiction over Faust's claim of accord and satisfaction and had properly decided it, the court held that the doctrine of *res judicata* precluded Faust from relitigating that same issue. Accordingly, the court granted the government's motion for summary judgment and dismissed Faust's complaint. Faust now appeals to this court.

## DISCUSSION

Whether, based on the facts of the case, a claim is barred by *res judicata* is a question of law which we review *de novo. Case, Inc. v. United States,* 88 F.3d 1004,-1008 (Fed.Cir.1996). As a preliminary matter, we note that the term *res judicata* has been used narrowly to denote "claim preclusion" and more generally to denote either "claim preclusion" or "issue preclusion." *See Foster v. Hallco Mfg. Co.,* 947 F.2d 469, 478 (Fed.Cir.1991). This case involves "claim preclusion." For clarity, we will use that term instead of the more ambiguous term *"res judicata."* Under the doctrine of claim preclusion, a judgment on the merits precludes the same parties from relitigating issues in a subsequent action that were or could have been raised in the prior action. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414–15, 66 L.Ed.2d 308 (1980). Claim preclusion serves the public interest by reducing the vexation of multiple lawsuits, conserving judicial resources, and preventing inconsistent decisions. *Id.*

On appeal, Faust argues that his claim is not precluded because the Ninth Circuit lacked jurisdiction over the settlement agreement. In particular, Faust contends that the Court of Federal Claims erred by incorrectly interpreting *Kokkonen* and that under a proper reading of *Kokkonen,* the Ninth Circuit had appellate jurisdiction only over those issues that were before the district court and did not have jurisdiction over issues that arose after the district court rendered judgment. Therefore, Faust argues, the Ninth Circuit could not hear claims concerning the settlement agreement, even under ancillary jurisdiction.

The government responds that Faust's situation differs significantly from the situation in *Kokkonen*. Specifically, the government notes that Faust's refund action was not dismissed by the district court, as was Kokkonen's. Rather, the district court entered judgment against Faust and Faust appealed. Therefore, the government argues, the Ninth Circuit, which properly had jurisdiction over the appeal, could resolve the settlement agreement issue, which was essential to its resolution of the case.

We agree with the government that Faust's reliance on *Kokkonen* is misplaced. In *Kokkonen*, the Supreme Court reversed the Ninth Circuit's affirmance of a district court's assertion of jurisdiction and held that the district court could not assert ancillary jurisdiction over a dispute concerning a settlement agreement, "unless there is some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. at 382, 114 S.Ct. at 1677. In that case, the district court dismissed the underlying federal action in light of the parties' settlement. After a dispute arose concerning the settlement agreement, the district court asserted jurisdiction over the case even though the court no longer had jurisdiction over the dismissed action.

In this case, the Ninth Circuit was deciding an appeal from the district court's decision, not a separate contract enforcement action following dismissal of the federal case. Faust's reinstatement of his appeal, which concerned a possibly mooted claim, vested the Ninth Circuit with jurisdiction over all issues essential to rendering its judgment. The Court of Federal Claims correctly noted that, unlike in *Kokkonen*, the validity of Faust's agreement with the IRS was essential to the Ninth Circuit's decision. The Ninth Circuit's resolution of Faust's appeal turned in part on whether Faust had settled his claim. *See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, —— U.S. ——, ——, 115 S.Ct. 386, 392, 130 L.Ed.2d 233 (1994) ("Where mootness results from settlement, ... the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal...."). The Ninth Circuit was therefore empowered to decide the question of the validity of the settlement agreement in order to determine the merits of the appeal. *See Kokkonen*, 511 U.S. at 380, 114 S.Ct. at 1676 (stating that ancillary jurisdiction is appropriate when necessary "to enable the court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees...."). Far from assisting Faust, the Supreme Court's *Kokkonen* decision supports the Ninth Circuit's assertion of jurisdiction.

Moreover, Faust is precluded from collaterally attacking the Ninth Circuit's decision to adjudicate the validity of the settlement agreement. That issue was before the Ninth Circuit. Having raised the issue of the settlement agreement to justify the reinstatement of his appeal and having argued its validity in that court, Faust cannot now challenge the Ninth Circuit's decision in the Court of Federal Claims. *See Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938) (holding that *res judicata* applies when the question of jurisdiction is raised and determined). If Faust doubted the correctness of that decision, he could only have contested it there or petitioned the Supreme Court for a writ of certiorari.

Additionally, Faust argues that his suit in the Court of Federal Claims should not be precluded because the validity of the settlement agreement was never litigated before any trial court. Faust argues that he is entitled to an opportunity to present evidence that the DOJ referred the case back to the IRS so as to vest the IRS with authority under the statute to settle Faust's tax liability. The government argues that there was no genuine factual dispute concerning this issue and that the Ninth Circuit was therefore presented with a pure question of law, which it properly decided.

Whether or not genuine issues of fact remain in dispute, Faust is precluded from relitigating the same claim, or cause of action, decided by the Ninth Circuit. Faust's claim at the Ninth Circuit concerned Faust's liability to the IRS, against which Faust asserted that the settlement agreement was a "defense." Similarly, Faust's claim in the Court of Federal Claims sought a declaration that the purported settlement was an accord

and satisfaction of Faust's liability to the IRS. That claim was not a distinct and independent claim. Rather, it was the same claim decided by the Ninth Circuit. *See Foster*, 947 F.2d at 479 (stating that the facts relating to a defense do not in themselves constitute an independent claim).

## CONCLUSION

Faust raised the issue of the settlement agreement as a defense in the Ninth Circuit. The Ninth Circuit was not persuaded, holding that the agreement was invalid and that Faust was liable for the full amount of the tax. Having lost in that forum, Faust cannot now raise this issue in the Court of Federal Claims. Because the Court of Federal Claims did not err in concluding that claim preclusion bars Faust's claim that the settlement agreement discharged his liability, we affirm.

*AFFIRMED.*