**Nancy Carnegie ROCKEFELLER**

v.

**The FIRST NATIONAL BANK OF BRUNSWICK et al.**

**Civ. A. No. 469.**

United States District Court
S. D. Georgia,
Brunswick Division.

July 10, 1957.

Edward E. Dorsey and James N. Frazer, of Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., and Bernard Nightingale, of Nightingale & Liles, Brunswick, Ga., for plaintiff.

Charles L. Gowen and Chris B. Conyers, of Gowen, Conyers, Fendig & Dickey, Brunswick, Ga., for defendant bank as trustee.

Robert B. Troutman and Furman Smith, of Spalding, Sibley, Troutman, Meadow & Smith, Atlanta, Ga., for Glidden Co., intervenor.

Spencer Connerat and Malcolm Maclean, of Connerat, Dunn, Hunter, Cubbedge & Houlihan, Savannah, Ga., for Coleman C. Perkins, as guardian of Florence Carnegie Perkins, one of defendants, and for intervenors Coleman C. Perkins and Margaret Perkins Laughlin.

Alexander A. Lawrence, of Bouhan, Lawrence, Williams & Levy, Savannah, Ga., for Mrs. Lucy C. Ferguson, one of the defendants.

L. J. Bennet, of Reese, Bennet & Gilbert, Brunswick, Ga., for Mary Bayles Ricketson and others, defendants.

Weldon Shouse, of Shouse, Barker and Coplin, Lexington, Ky., for Margaret J. Wright and others.

William B. Watson, Jr., Gainesville, Fla., for Carter Carnegie, one of defendants.

Gertrude Schwartz, of Beer, Richards, Lane, Haller & Buttenwieser, New York City, for Andrew Carnegie III and Thomas M. Carnegie, defendants.

SCARLETT, District Judge.

This is an action by Mrs. Nancy Carnegie Rockefeller, for declaratory judgment and injunction, to prevent the carrying out of a mineral lease approved and ordered executed by the Superior Court of Camden County, Georgia.

The First National Bank of Brunswick was appointed successor trustee under the will of Mrs. Lucy C. Carnegie for certain property on Cumberland Island, Georgia. The trustee learned that there were minerals of great value on the property. After extensive investigation and negotiation it applied to the Superior Court of Camden County, Georgia for leave to execute a mineral lease with the Glidden Company as lessee. All beneficiaries of the trust were made parties and served. The plaintiff, Mrs. Rockefeller, being a non-resident, was served by publication and by mailing to her by registered mail a copy of the petition and order. She appeared and filed demurrers and answer opposing the execution of the lease. The Superior Court of Camden County overruled her demurrers and she appealed to the Supreme Court of Georgia by writ of error, which is now pending in the Supreme Court of Georgia. After a full hearing, in which Mrs. Rockefeller participated and presented evidence, the Superior Court of Camden County entered an order authorizing and directing the trustee to enter into the proposed lease with the Glidden Company. The lease has been executed by both parties and the initial payment therein required has been paid by the Glidden Company to the trustee.

While the proceedings were pending in the Superior Court of Camden County, Georgia, Mrs. Rockefeller filed her complaint in this court praying a declaratory judgment. The first count prayed for declaratory judgment declaring that the trustee had no right to enter into the mineral lease, for which leave was prayed in the state court, and that the state court had no power to authorize execution of such lease. The second count prayed an order declaring the trust executed and requiring the trustee to make distribution of the trust assets. By amendment Mrs. Rockefeller added a third count in which she prayed that this court issue its permanent injunction against the trustee and the Glidden Company prohibiting them from carrying out the provisions of the lease executed pursuant to the order of the Superior Court of Camden County, Georgia.

■ While the complaint prays that the Glidden Company be enjoined from carrying out the provisions of the lease, it was not made a party to the complaint. It filed a motion to be allowed to intervene, to which plaintiff objected. The Court is of the opinion that the intervention of the Glidden Company should be allowed.

■ Plaintiff filed a motion to strike all of the beneficiaries of the trust who had been made parties defendant. Certain of the beneficiaries objected to being stricken as defendants. The beneficiaries of the trust appear to me to be necessary parties. See Commonwealth Trust Co. of Pittsburg v. Smith, 266 U.S. 152, 45 S.Ct. 26, 69 L.Ed. 219; Baird v. Peoples B. & T. Co., 3 Cir., 120 F.2d 1001(3), 136 A.L.R. 693. The court is of the opinion this motion should be overruled.

■ Coleman C. Perkins and Margaret Perkins Laughlin filed motion for leave to intervene. They are the children of Mrs. Florence Carnegie Perkins. As such they are remaindermen under the trust and interested therein. The Court holds that they should be allowed to intervene.

The trustee, the Glidden Company, and certain beneficiaries of the trust have filed motions to dismiss.

It is obvious that the relief prayed by plaintiff, if granted, would bring this court into irreconcilable conflict with the Superior Court of Camden County, Georgia and with the Supreme Court of Georgia if that court affirms the judgment of the Superior Court of Camden County, Georgia. The state court has ordered the trustee to execute the mineral lease with the Glidden Company. The purpose, and effect if granted, of the relief prayed by the plaintiff in this case would be to frustrate the judgment of the Superior Court of Camden County, Georgia.

■ Sec. 2283 of Title 28, U.S.C.A. prohibits the grant of injunction to stay proceedings in a state court, with certain exceptions not here applicable. The restraint of that section cannot be avoided by framing the action as a declaratory judgment action rather than for injunction, or by seeking to restrain the parties rather than the state court. H. J. Heinz Co. v. Owens, 9 Cir., 189 F.2d 505; Ballard v. Mutual Life Insurance Co., 5 Cir., 109 F.2d 388.

■■ Moreover, both the proceeding in the state court and this proceeding necessarily involve the control and disposition of specific property, the property of the trust located on Cumberland Island, Georgia. It is well settled that where a proceeding is brought, either in the state or federal court, in rem or quasi in rem, which involves the control or disposition of specific property, the court which first acquires jurisdiction may maintain and exercise that jurisdiction to the exclusions of the other, and that the later proceedings brought in the other court must be dismissed. Princess Lida of Thurm and Taxis v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285. The Supreme Court has said that the principle there laid down "is a principle of right and of law, and therefore, of necessity. It leaves nothing to discretion or mere convenience". Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 81, 67 L.Ed. 226.

The state court proceeding necessarily required control of the specific property. The whole purpose of the proceeding was to dispose of the property or a portion thereof. That court could not order the disposition of the property without control of the property. And the purpose of the proceeding in this court is to prevent the disposition of the property by the State Court, and thus to control the property in a manner adverse to the state court. Indeed, the plaintiff herein recognizes that this proceeding is in rem, for she prays that the defendants be served by publication under Title 28, Sec. 1655, U.S.C.A.

■ The plaintiff contends that the proceedings had in the state court were administrative and not judicial. With that I cannot agree.

The question as to the validity of the Act of 1953 (Georgia Laws Jan.-Feb. Session p. 44) under the "due process" clause of the 14th Amendment was available as a defense in the state court action. In fact Mrs. Rockefeller in that proceeding raised questions as to its constitutionality. This statute provides for notice to all parties at interest. Mrs. Rockefeller received notice and appeared, opposed the application of the trustee therein, introduced evidence and presented argument by her counsel. So she was given an opportunity to be heard and was heard.

The procedures contemplated by the Act of 1953 are very similar to those which have been in vogue in Georgia for many years [1], as to the management, sales assets and investments of trust estates. Ga. Code Sections 108–408, 37–1301, 37–1303.

■ The proceedings in the state court therefore are not administrative in nature. They are addressed to and held by a court in the execution of the protective powers of equity over trust estates and the estates of wards in chancery (Section 1 of the Act of 1953) and one which has exclusive jurisdiction over

[1.] These provisions are found in the Georgia Code of 1863 and all subsequent codes.

126

the supervision of trust estates. Ga. Code Secs. 108–117 and 26–2615. So the proceedings are judicial.

■ The statute provides for notice and an opportunity to be heard. Mrs. Rockefeller was heard. Due process requirements were met. Louisville & N. R. Co. v. Schmidt, 177 U.S. 230, 20 S.Ct. 620, 44 L.Ed. 747.

For each of the reasons set out above, the action cannot be maintained and must be dismissed.

■ Moreover, even if the relief prayed were not barred by the rules mentioned above, the court in exercise of a sound judicial discretion should and would decline the relief prayed. It is well settled that a prayer for declaratory judgment or injunction is addressed to the sound judicial discretion of the court. Where, as in this case, a proceeding was already pending in the state court in which all of the issues sought to be raised could be fully adjudicated and where the grant of relief prayed would interfere with the administration of a trust estate and would bring on an unseemly conflict between the judgment of federal and state courts, this court in the exercise of sound judicial discretion should decline the relief prayed and dismiss the complaint. Brillhart v. Excess Insurance Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; McLain v. Lance, 5 Cir., 146 F.2d 341, certiorari denied 325 U.S. 855, 65 S.Ct. 1183, 89 L.Ed. 1976; Alabama Public Service Commission v. Southern Railway Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002.

■ The court observes that every contention made by plaintiff in this action could have been made in the proceedings pending in the Superior Court of Camden County, Georgia and in the Supreme Court of Georgia by appeal from the judgment of the Superior Court of Camden County, Georgia. The subject matter of the action is a trust covering real property located in Georgia. On the construction of the trust and the rights and powers of the trustee, the Georgia law is controlling. It would be unseemly

indeed if this court should decide the controlling question of Georgia trust and property law in a manner contrary to the decision of the Supreme Court of Georgia in the proceedings already pending there. The question of federal constitutional law sought to be raised by plaintiff itself depends upon the construction of the Georgia statute, and will be avoided if the Supreme Court of Georgia construes the statute in the same manner as the Superior Court of Camden County, Georgia.

The judgment of the state court, if affirmed, will conclude all of the questions raised in this action. Gunter v. Atlantic Coast Line R. Co., 200 U.S. 273, 26 S.Ct. 252, 50 L.Ed. 477; Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329. Plaintiff is not entitled to try her case piecemeal. Baltimore Steamship Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069.

For the reasons set out above the court concludes that the complaint should be dismissed without consideration of its merits.

Judgments will be entered in accordance with this opinion.