**Salvatore A. CAVALINO, Plaintiff,**

v.

**Diana M. CAVALINO, Defendant.**

**Civ. A. No. C84–944A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 17, 1984.

delay full and immediate compliance with the orders and injunctions of the court and the law of this land.

Robert P. Hein, Gortatowsky, Bernard, Hein & Thurston, Atlanta, Ga., for plaintiff.

H. Darrell Greene, Greene & Davis, Marietta, Ga., for defendant.

## ORDER

FORRESTER, District Judge.

This action is before the court on plaintiff's motion for appointment of receiver and other relief; defendant's motion to dismiss and/or motion for summary judgment; and plaintiff's motion to amend the complaint. Plaintiff, now a resident of New York, was divorced from defendant by a final judgment and decree of divorce entered in the Superior Court of Cobb County, Georgia, on March 4, 1983. In addition to providing for alimony, child custody, visitation rights, and other matters, the final decree provided for the disposal of the home belonging to the parties as follows:

> Each of the parties shall retain equal ownership of the property located at 1370 Willow Point Terrace, Marietta, Cobb County, Georgia; the plaintiff may reside at 1370 Willow Point Terrace until disposition of the property. Each of the parties are to pay equal payments of the mortgage, taxes and house insurance until the home is sold. The house shall be placed on the open market for sale at a reasonable and fair market value to be sold within a period of one (1) year, with the proceeds of such sale being equally divided.

Plaintiff contends that defendant has failed to place the home on the market for sale and has hindered his efforts to do so. Count I of plaintiff's complaint asked the court to appoint an equitable receiver pursuant to O.C.G.A. § 9–8–2 to effectuate the sale of the house as required by the divorce decree. Count II asserts that defendant has wrongfully interfered with plaintiff's ownership and control of the property and has refused to comply with the divorce decree and that such actions constitute an intentional tort warranting punitive damages. Count III asserts that defendant has acted in bad faith and has been stubbornly litigious. Count IV asserts that defendant has wrongfully interfered with plaintiff's visitation rights by prohibiting the children to travel to and from New York unless accompanied, at his own expense, by plaintiff. Plaintiff asserts that such interference with his visitation rights constitutes an intentional injury to plaintiff's "peace, feelings and happiness." Count V asserts that defendant's continued actions interfering with plaintiff's property rights constitutes a conversion of his interest in said

property. Finally, Count VI asks this court to modify the final judgment and decree of the Cobb County Superior Court to clarify the visitation rights and duties of the parties.

Defendant's motion to dismiss and/or motion for summary judgment asserts that plaintiff's complaint should be dismissed because it involves domestic relations issues which are either beyond the subject matter jurisdiction of this court or are controlled by principles of abstention. *See Jagiella v. Jagiella,* 647 F.2d 561 (5th Cir. 1974). Defendant further argues that the court should exercise its discretion and dismiss this action on comity principles because plaintiff had previously filed in the Superior Court of Cobb County a petition to have defendant held in contempt for violation of the final judgment and decree of divorce. Defendant argues that the petition for contempt is founded upon the exact same facts as the present complaint and that this court should therefore defer to the Cobb County Superior Court.

██ In response to defendant's motion plaintiff dismissed the contempt proceeding in the Cobb County Superior Court and filed its motion to amend the complaint. The motion to amend the complaint does not seek to add anything new to the complaint but instead seeks to dismiss Counts II through VI. Although Rule 15 of the *Federal Rules of Civil Procedure* is not by its terms limited to amendments which add rather than delete matters, the court believes plaintiff's motion is more appropriately brought under Rule 41(a)(2). Rule 41(a) provides in pertinent part:

> Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action....

> (2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper....

As defendant has filed no response to plaintiff's motion to amend, plaintiff's motion is deemed unopposed. Construing the motion as one under Rule 41(a)(2), the court grants plaintiff's motion and hereby DISMISSES Counts II through VI of plaintiff's complaint.

██ Having dismissed Counts II through VI of plaintiff's complaint, it remains for the court to determine whether defendant's motion to dismiss and/or motion for summary judgment should be granted as to Count I of plaintiff's complaint. The court begins its analysis of this issue by an examination of what it is plaintiff asks this court to do. Plaintiff asks the court to appoint a receiver to oversee and effectuate the sale of the house and the distribution of the proceeds in accordance with the final judgment and decree of divorce entered by the Cobb County Superior Court. This court has found no case where a federal court has been asked to implement a decree of a court of the forum state providing for the sale of the marital property and division of the proceeds. However, the present case can be analogized to a suit petitioning this court for recovery of alimony in accordance with a divorce decree. The federal courts have been extremely reluctant to entertain such suits unless the alimony award has been reduced to a final monetary judgment. *See Lynde v. Lynde,* 181 U.S. 183, 187, 21 S.Ct. 555, 556, 45 L.Ed. 810 (1901) (alimony award for a fixed sum already due held recoverable in a federal court of another state, while future alimony not recoverable in federal court); *Barber v. Barber,* 62 U.S. (21 How.) 582, 16 L.Ed. 226 (1859). This reluctance to reduce an alimony award to judgment is based upon the fact that alimony award is within the discretion of the state trial judge and can be modified at any time. Once the award is reduced to a

judgment for a sum certain, it can be enforced like any other state court judgment. Until that time, however, any action by the federal court to reduce the award to a sum certain necessarily requires the court to intrude upon an area still within the discretion of judges with expertise in domestic relations matters. This intrusion into matters which are still the subject of the Cobb County court and within its special expertise in the area of domestic relations alone would warrant dismissal of Count I of plaintiff's complaint. *Lynde v. Lynde*, 181 U.S. 183, 187, 21 S.Ct. 555, 556, 45 L.Ed.2d 810 (1901). However, additional and stronger grounds exist for dismissing Count I. Appointment of a receiver to manage the sale of the house would necessarily require this court to assert in rem or quasi in rem jurisdiction over the house. The Supreme Court has held that a federal court may not assert in rem or quasi in rem jurisdiction over a piece of property where another court has previously acquired such jurisdiction over the same property. *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939). In *Rockefeller v. First National Bank of Brunswick*, 154 F.Supp. 122 (S.D.Ga.1957), the court stated:

> It is well settled that where a proceeding is brought, either in the state or federal court, in rem or quasi in rem, which involves the control or disposition of specific property, the court which first acquires jurisdiction may maintain and exercise that jurisdiction to the exclusions of the other, and that the later proceeding brought in the other court must be dismissed. *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285. The Supreme Court has said that the principle there laid down "is a principle of right and of law, and therefore, of necessity. It leaves nothing to discretion or mere convenience." *Kline v. Burke Construction Company*, 260 U.S. 226, 43 S.Ct. 79, 81, 67 L.Ed. 226.

Therefore, if the Superior Court of Cobb County, Georgia acquired and still asserts in rem or quasi in rem jurisdiction over the house belonging to the parties, then this court is precluded from taking any action with reference to the property and must dismiss plaintiff's complaint.

■ While this court claims no special expertise in domestic relations matters,[1] it appears to the court that the Superior Court of Cobb County *did* assert quasi in rem jurisdiction over the marital property when it provided for the division of the property. O.C.G.A. § 19–5–5 requires the party seeking divorce and division of property to file a statement of the marital property. The jury has the authority under Georgia law to divide equitably the property between the parties regardless of which party may have had title to the property. *Stokes v. Stokes*, 246 Ga. 765, 273 S.E.2d 169 (1980). Finally, "the verdict of the jury disposing of the property in a divorce case shall be carried into effect by the court by entering such judgment or decree or taking such other steps as are usual in the exercise of the court's equitable powers to execute effectually and fully the jury's verdict." O.C.G.A. § 9–5–13.

■ Black's Law Dictionary defines the term "quasi in rem" as

> A term applied to proceedings which are not strictly and purely *in rem*, but are brought against the defendant personally, though the real object is to deal with particular property or subject property to the discharge of claims asserted.

Under this definition the court believes that a court hearing a suit for divorce and division of property asserts quasi in rem jurisdiction over the marital property. Its equitable division of the property is a proper exercise of such quasi in rem jurisdiction. *Cf. Blount v. Metropolitan Life Insurance Company*, 190 Ga. 301, 303, 9 S.E.2d 65 (1940) ("[W]here the subject of the suit relates to an actionable interest or claim by the plaintiff in real or personal property located in this state, a court of equity of

---

1. Indeed, such lack of expertise is a principal reason for a federal court abstaining from deciding domestic relations issues. *See Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir.1978).

78

this state will have jurisdiction to render a decree in rem with respect to the particular property involved....").  Therefore, this court finds that the Superior Court of Cobb County did assert quasi in rem jurisdiction over the marital property, including the property which is the subject of this lawsuit.  The court further finds that, because the Cobb County Court's order providing for the sale of the property and division of the proceeds has not yet been complied with, that court still has and continues to exercise quasi in rem jurisdiction over the property.  The court finds, therefore, that it has no power to grant plaintiff the relief he seeks and that this action must be dismissed for failure to state a claim. *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939); *Rockefeller v. First National Bank of Brunswick*, 154 F.Supp. 122 (S.D. Ga.1957).  Defendant's motion to dismiss is GRANTED as to Count I of plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6).

In sum, plaintiff's motion to amend the complaint by dismissing Counts II through VI of its complaint is converted to a motion under Rule 41(a)(2) and GRANTED.  Defendant's motion to dismiss is GRANTED as to Count I of plaintiff's complaint and DENIED as moot as to Counts II through VI.  Plaintiff's motion for appointment of a receiver is controlled by and made moot by the court's decision to dismiss Count I of the complaint and is, therefore, DENIED.  There being no further issues for the court's resolution, this action is hereby DISMISSED.