**JET, INC., Appellant,**

v.

**SEWAGE AERATION SYSTEMS,**
**Appellee.**

**No. 99–1518.**

United States Court of Appeals,
Federal Circuit.

Aug. 23, 2000

Rehearing and Rehearing En Banc
Denied Sept. 28, 2000.

Roger P. Furey, Arter & Hadden LLP, of Washington, DC, argued for appellant. With him on the brief were Thomas H. Odom, and Gregory S. Feder. Of counsel was Caroline A. Leonard.

Jeffrey D. Harty, Zarley, McKee, Thomte, Voorhees & Sease, P.L.C., of Des Moines, Iowa, argued for appellee. With him on the brief was Edmund J. Sease.

Before MAYER, Chief Judge, CLEVENGER, and GAJARSA, Circuit Judges.

Opinion for the court filed by Circuit Judge CLEVENGER. Dissenting Opinion filed by Chief Judge MAYER.

CLEVENGER, Circuit Judge.

Jet, Inc. appeals the dismissal by the United States Patent and Trademark Office Trademark Trial and Appeals Board of its petition for cancellation of Sewage Aeration Systems' federally registered trademark, AEROB–A–JET. *See* Cancellation No. 25,587, slip op. at 3–4 (1997). Because we conclude that the Trademark Trial and Appeals Board erred in dismiss-

ing the petition on the grounds of claim preclusion, we reverse and remand for further proceedings.

## I

Jet, Inc. ("Jet") and Sewage Aeration Systems ("SAS") manufacture sewage and waste-water treatment devices for homes. Jet registered the trademark JET AERATION, Reg. No. 676,471, in March 1959, and registered JET, Reg. No. 881,991, in December 1969. SAS was issued a federal registration, Reg. No. 1,739,664, for the mark AEROB–A–JET on December 15, 1992.

In December 1994, Jet filed suit for trademark infringement in the United States District Court for the Northern District of Ohio, alleging that SAS's use of AEROB–A–JET on home waste-water treatment devices was likely to cause confusion with the JET and JET AERATION marks used on Jet's similar products. In June 1996, Jet sought to amend its complaint to, inter alia, add a claim for cancellation of the AEROB–A–JET mark. The district court denied the amendment. Thereafter, in October 1996, Jet filed this action for cancellation with the United States Patent and Trademark Office. In November 1996, Jet, by consent of SAS, amended its complaint in the district court, deleting all references to the JET AERATION mark.

The upshot of these events was that the litigation proceeded in the district court with Jet asserting infringement of only the JET trademark. The cancellation proceeding in front of the Trademark Trial and Appeals Board ("Board") asserted that cancellation of AEROB–A–JET was required on the basis of both JET and JET AERATION. The Board stayed the cancellation proceeding during the pendency of the infringement litigation. *See* Cancellation No. 25,587, slip op. at 2–3 (Jan. 14, 1997) (order).

In May 1997, the district court entered judgment in favor of SAS, ruling that the

simultaneous use of JET and AEROB–A–JET was not likely to cause confusion in the marketplace. *See Jet, Inc. v. Sewage Aeration Sys.,* No. 1:94CV2490, slip op. at 1 (N.D.Ohio 1997) (order). Jet appealed this decision to the United States Court of Appeals for the Sixth Circuit, which affirmed the district court's judgment that there was no likelihood of confusion between JET and AEROB–A–JET. *See Jet, Inc. v. Sewage Aeration Sys.,* 165 F.3d 419, 424, 49 USPQ2d 1355, 1359 (6th Cir. 1999) ("[A] reasonable jury could not conclude that the marks JET and AEROB–A–JET are confusingly similar, and the very high degree of care [that purchasers in the market] can be expected to exercise eliminates virtually any possibility that SAS's use of AEROB–A–JET will cause confusion.").

After receiving notice of the Sixth Circuit decision (and a request for dismissal from SAS), the Board dismissed the cancellation action, reasoning that "[a]n examination of the identified proceedings and the parties is all that is required to make a determination of whether [Jet] is barred under the doctrine of *res judicata* from proceeding in this matter." Cancellation No. 25,587, slip op. at 2. The Board held that the infringement litigation involved the same claims as would be involved in the cancellation proceeding, and therefore that Jet was barred from pursuing the cancellation of AEROB–A–JET on the basis of either JET or JET AERATION. Accordingly, the Board dismissed the action. *See id.,* slip op. at 3–4.

This appeal followed, vesting this court with jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(B) (1994).

## II

■ The Board concluded that SAS was "entitled to judgment as a matter of law," *see* Cancellation No. 25,587, slip op. at 4, a legal determination, *see Conroy v. Reebok Int'l, Ltd.,* 14 F.3d 1570, 1575, 29 USPQ2d 1373, 1377 (Fed.Cir.1994), that we review de novo. *See* 5 U.S.C. § 706(2)(A) (1994) ("The reviewing court shall hold unlawful and set aside agency

... conclusions found to be ... not in accordance with law...."); *Dickinson v. Zurko,* 527 U.S. 150, 165, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999) (holding that Federal Circuit reviews decisions of the PTO under § 706). Similarly, whether preclusion applies to a particular action is an issue of law. *See Foster v. Hallco Mfg. Co.,* 947 F.2d 469, 475, 20 USPQ2d 1241, 1246 (Fed.Cir.1991).

■ The Board based its decision on the doctrine of res judicata, or claim preclusion. Under that doctrine, "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *see also Lawlor v. National Screen Serv. Corp.,* 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122 (1955); *Foster,* 947 F.2d at 476, 20 USPQ2d at 1248; *Young Eng'rs, Inc. v. United States Int'l Trade Comm'n,* 721 F.2d 1305, 1314, 219 USPQ 1142, 1150 (Fed.Cir.1983) (stating that Federal Circuit would receive guidance from Restatement (Second) of Judgments (1982)). Over the years, the doctrine has come to incorporate common law concepts of merger and bar, and will thus also bar a second suit raising claims based on the same set of transactional facts. *See Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) ("Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar."); *Foster,* 947 F.2d at 478–79, 20 USPQ2d at 1248–49. Accordingly, a second suit will be barred by claim preclusion if: (1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first. *See Parklane,* 439 U.S. at 326 n. 5, 99 S.Ct. 645;

*Foster,* 947 F.2d at 478–79, 20 USPQ2d at 1248.

In this case, there is no dispute between the parties regarding factors (1) and (2): the parties (Jet and SAS) are identical in both actions, and the infringement litigation resulted in a valid final judgment on the merits. Thus, the case reduces to an analysis of the transactional facts involved in the two causes of action. *See* Restatement (Second) of Judgments § 24 (1982) (defining "claim" as encompassing rights and remedies arising out of the same set of transactional facts); *see also Young Eng'rs,* 721 F.2d at 1314, 219 USPQ at 1150 (noting that Federal Circuit is broadly guided by the Restatement).

The Restatement notes that a common set of transactional facts is to be identified "pragmatically." Restatement (Second) of Judgments § 24(2). Seeking to bring additional clarity to this standard, courts have defined "transaction" in terms of a "core of operative facts," the "same operative facts," or the "same nucleus of operative facts," and "based on the same, or nearly the same, factual allegations." *Herrmann v. Cencom Cable Assoc., Inc.,* 999 F.2d 223, 226 (7th Cir.1993) (citing *Parsons Steel, Inc. v. First Ala. Bank,* 474 U.S. 518, 521, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986)); *see also United States v. Haytian Rep.,* 154 U.S. 118, 125, 14 S.Ct. 992, 38 L.Ed. 930 (1894) ("One of the tests laid down for the purpose of determining whether or not the causes of action should have been joined in one suit is whether the evidence necessary to prove one cause of action would establish the other."); *Kratville v. Runyon,* 90 F.3d 195, 197–98 (7th Cir.1996) (citing Restatement (Second) of Judgments § 24); *Brzostowski v. Laidlaw Waste Sys., Inc.,* 49 F.3d 337, 338 (7th Cir.1995); *Diversified Foods, Inc. v. First Nat'l Bank,* 985 F.2d 27, 30 (1st Cir.1993); *Sanders Confectionary Prods. v. Heller Fin., Inc.,* 973 F.2d 474, 484 (6th Cir.1992) ("Identity of causes of action means an identity of facts creating the right of action"); *Prochotsky v. Baker & McKenzie,* 966 F.2d 333, 335 (7th Cir.1992); *McCar-*

*ney v. Ford Motor Co.,* 657 F.2d 230, 232 (8th Cir.1981). Thus, we must determine whether, for purposes of claim preclusion, a claim for trademark infringement is based on the same set of factual allegations as a petition to cancel the defendant's federally registered mark.

We hold that they are not. The set of facts which underlie a claim for trademark infringement under federal law include:

the plaintiff's possession of a valid registered trademark;

the defendant's use "in commerce" of "any reproduction, counterfeit, copy, or colorable imitation" of the registered mark;

the defendant's use "in connection with the sale, offering for sale, distribution, or advertising of any good or services";

whether defendant's activity is "likely to cause confusion, or to cause mistake, or to deceive."

15 U.S.C. §§ 1114, 1115 (Supp.2000) (establishing trademark infringement and defenses). By contrast, the set of facts which underlie a petition for cancellation include in relevant part:

the existence of a registered mark held by the *respondent* ;

the petitioner's belief of damage by the mark;

a filing within five years (in most cases) of the registration or publication of the mark;

grounds upon which the mark should not have been registered, which can include that the mark "consists or comprises a mark which so resembles a mark registered in the Patent and Trademark office, or a mark or trade name previously used by another and not abandoned, as to be likely … to cause confusion, or to cause mistake, or to deceive"; and

no possibility, as determined by the Commissioner of the PTO, of concurrent use and registration.

15 U.S.C. § 1064 (Supp.2000) (grounds for cancellation), § 1052(d) (Supp.2000) (limitation on registration).

Comparing the facts required to establish claims of infringement and cancellation, respectively, we note the following significant differences:

(1) infringement requires the plaintiff to have a valid registered mark, cancellation does not;

(2) infringement requires the defendant to have used the allegedly infringing words or symbols in commerce and in connection with the sale or promotion of goods or services, cancellation requires none of these;

(3) cancellation requires the *respondent* (*i.e.*, the party in the position of defendant) to hold a federally registered mark, infringement does not; and

(4) cancellation requires inquiry into the registrability of the respondent's mark, infringement does not.

This array of differences in transactional facts conclusively demonstrates that claim preclusion cannot serve to bar a petition for cancellation based upon an earlier infringement proceeding. *See, e.g., Herrmann*, 999 F.2d at 226; Restatement (Second) of Judgments, § 24(2). Indeed, we note that the only common ground between the two causes of action appears to be that, in some cases at least, both infringement and cancellation will involve a "likelihood of confusion" analysis. But even this superficial similarity provides no support for the operation of claim preclusion. In the infringement context, the "likelihood of confusion" is between the plaintiff's registered mark and the defendant's use of words, symbols, etc. (which need .not, of course, be registered). *See Marketing Displays, Inc. v. Traffix Devices, Inc.*, 200 F.3d 929, 933 (6th Cir. 1999). In contrast, in the cancellation context, the "likelihood of confusion" is between the respondent's registered mark and a prior-registered trademark (which need not be held by the petitioner) or prior use by the petitioner of an unregistered mark (such as in advertising or as a trade name) that has resulted in establishing a trade identity. *See Towers v. Advent Software, Inc.*, 913 F.2d 942, 945–46 (Fed.Cir.

1990). While, as we note below, the particular facts of certain cases may allow for the use of issue preclusion to bar relitigation of the "likelihood of confusion" question, the overall transactional facts are simply too distinct to allow claim preclusion from an infringement action to bear on a subsequent cancellation claim. *Accord Chromalloy Am. Corp. v. Kenneth Gordon (New Orleans), Ltd.*, 736 F.2d 694, 697–98, 222 USPQ 187, 190 (Fed.Cir.1984) (holding that infringement litigation between different marks did not claim preclude later petition in opposition to registration).

■ After the district court denied Jet's motion to amend its complaint to include a cause of action to cancel the AEROB–A–JET mark, the district court granted Jet's motion to file its Second Amended complaint, with SAS's consent, that removed the JET AERATION mark from the infringement case. No prejudice attached to the filing of the Second Amended complaint, just as no prejudice at all would have attached had the parties agreed to dismiss the entire action. *See* Fed. R.Civ.P. 41(a)(2) ("Unless otherwise stated ... the dismissal is without prejudice ..."); *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir.1994) (applying Fed. R.Civ.P. 41(a)(2)). Dismissal without prejudice indicates that judgment is not on the merits and will have no preclusive effect. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). As the commentators agree, Federal Rules of Civil Procedure 41(a)(2) and 15(a) are functionally interchangeable in the circumstances present in this case, where a motion to amend a complaint in effect dismisses one or more of the counts in the original complaint, although Rule 15(a) is technically the preferred rule to apply. *See Nilssen v. Motorola*, 203 F.3d 782, 784–85 (Fed.Cir.2000) (stating that the differences between the two rules are more technical than substantial, and that the fact that dismissal is without prejudice is "ultimately what matters"); 8 James Wm. Moore et al., *Moore's Federal Practice* § 41.21[2] (3rd ed. 1997) ("In many

instances the procedure for, and effect of, an amendment will be the same as a voluntary dismissal because of the similarities between the governing rules."); *cf. Cavalino v. Cavalino*, 601 F.Supp. 74, 76 (N.D.Ga.1984) (treating a motion to amend a complaint which dismissed some, but not all, of the counts in the original complaint as one under Rule 41(a)(2) instead of Rule 15(a)).

Our review of Jet's motion to file its Second Amended complaint and of Jet's two prior complaints in this case indicates that the Second Amended complaint superseded the earlier complaints, and thus preserved Jet's right to later commence litigation against the AEROB–A–JET mark. *See* Fed.R.Civ.P. 15(a); *Luckett v. Turner*, 18 F.Supp.2d 835, 837 n. 2 (W.D.Tenn. 1998); *accord Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir.1998) ("It is hornbook law that an amended complaint complete in itself and making no reference to nor adopting any portion of a prior complaint renders the latter functus officio."); 3 James Wm. Moore et al., *Moore's Federal Practice* § 15.17[3] (3rd ed.1997) (same); 6 Charles Alan Wright,

Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990) ("A pleading that has been amended under Rule 15(a) [of the Federal Rules of Civil Procedure] supersedes the pleading it modifies.... Once an amended pleading is interposed, the original pleading no longer performs any function in the case...."). An alternative ground, therefore, exists to support our holding that the doctrine of claim preclusion cannot bar Jet from proceeding in the cancellation case on the basis of the JET AERATION mark.

Because we hold that an earlier infringement action does not bar, under the doctrine of claim preclusion, a later petition for cancellation, the Board's conclusion to the contrary is reversed.[1] *See* 5 U.S.C. § 706(2)(A) (1994).

### III

Upon remand, the Board will have the opportunity to consider whether issue preclusion prevents the question of "likelihood of confusion" between the JET mark and AEROB–A–JET from being relitigated before the Board.[2] The doctrine of

---

1. We note that the Board has held at least twice that claim preclusion does not apply between infringement and cancellation or opposition proceedings. *See, e.g., Treadwell's Drifters, Inc. v. Marshak*, 18 USPQ2d 1318, 1321, 1990 WL 354600 (TTAB 1990) (denying claim preclusion and stating that the claims were fundamentally different because "[t]he civil action was based on a claim of injury resulting from respondent's use of his mark in commerce; the instant claim, however, is a claim that petitioner believes it is damaged by registration of respondent's mark"); *American Hygienic Labs., Inc. v. Tiffany & Co.*, 228 USPQ 855, 857, 1986 WL 84984 (TTAB 1986) ("[A] claim of infringement before the court and a claim of priority and likelihood of confusion before this Board are different claims. The former claim is, in essence, a claim of injury resulting from applicant's use of its mark in commerce; the latter claim, in essence, is a claim that opposer believes it would be damaged by registration of applicant's mark."). We also note that the circumstances of this case differ from those in *International Nutrition Co. v. Horphag Research, Ltd.*, 220 F.3d 1325, 55 USPQ2d 1492 (Fed. Cir.2000), a case which addressed *res judicata*

issues as between Board opposition and cancellation proceedings.

2. Our reading of the Board's decision convinces us that its judgment was based solely on the doctrine of claim preclusion. The Board used only the term *"res judicata"* when discussing the grounds for its action. While we are aware that *res judicata* can be used to refer to both claim preclusion and issue preclusion, *see, e.g., Faust v. United States*, 101 F.3d 675, 677 (Fed.Cir.1997) ("[W]e note that the term *res judicata* has been used narrowly to denote 'claim preclusion' and more generally to denote either 'claim preclusion' or 'issue preclusion.' "), a close reading of the entire opinion of the Board indicates that *res judicata* was used to refer only to claim preclusion. *See* Cancellation No. 25,587, slip op. at 2 (*"Res judicata* is a doctrine of claim preclusion.... For the doctrine to apply, the final judgment must be entered on the merits, and the second suit must involve the same parties or their privities and the same cause of action."). Further, the Board did not discuss factors that would support issue preclusion, such as whether the issues (especially as to confusion between JET AERATION and AEROB–A–JET) were actual-

issue preclusion (also sometimes known as "collateral estoppel"), which serves to bar the revisiting of "issues" that have been already fully litigated, requires four factors:

   (1) identity of the issues in a prior proceeding;

   (2) the issues were actually litigated;

   (3) the determination of the issues was necessary to the resulting judgment; and,

   (4) the party defending against preclusion had a full and fair opportunity to litigate the issues.

*See Montana v. United States,* 440 U.S. 147, 153–55, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Blonder–Tongue Lab., Inc. v. University of Ill. Found.,* 402 U.S. 313, 332–33, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Commissioner v. Sunnen,* 333 U.S. 591, 599–601, 68 S.Ct. 715, 92 L.Ed. 898 (1948); *Cromwell v. County of Sac,* 94 U.S. (4 Otto) 351, 353, 24 L.Ed. 195 (1876); see also *Comair Rotron, Inc. v. Nippon Densan Corp.,* 49 F.3d 1535, 1537, 33 USPQ2d 1929, 1931 (Fed.Cir.1995); *Rice v. Department of Treasury,* 998 F.2d 997, 999 (Fed. Cir.1993); *Mother's Restaurant, Inc. v. Mama's Pizza, Inc.,* 723 F.2d 1566, 1569, 221 USPQ 394, 397 (Fed.Cir.1983); Restatement (Second) of Judgments §§ 27, 39 (1980). A reading of the Sixth Circuit's opinion reveals that "likelihood of confusion" between JET and AEROB–A–JET was actually litigated and necessary to the judgment, and that Jet had a full opportunity to present its arguments on the question. *See Jet,* 165 F.3d at 421–24, 49 USPQ2d at 1357–59 (discussing likelihood of confusion). With respect to factor (1)— whether the "likelihood of confusion" analysis in an infringement action is the same as that in a cancellation proceeding—we note that this circuit has held that even state court findings of fact relating to the likelihood of confusion between the same marks will allow issue preclusion to operate, if the issues are indeed identical. *See Mother's Restaurant,* 723 F.2d at 1569, 221 USPQ at 397; *see also Midland Co-ops.,*

ly litigated and whether Jet had a full and fair

*Inc. v. Midland Int'l Corp.,* 57 C.C.P.A. 932, 421 F.2d 754, 164 USPQ 579 (CCPA 1970) (giving preclusive effect to likelihood of confusion analysis in prior infringement proceedings). Jet cites *Jim Beam Brands Co. v. Beamish & Crawford Ltd.,* 937 F.2d 729, 734, 19 USPQ2d 1352, 1356 (2nd Cir. 1991), for the proposition that the issues "may" be different. But we read *Jim Beam Brands* to stand for the unremarkable proposition that the "identity of issues" analysis requires inquiry into the actual facts found and presented in the earlier litigation. *See id.* (quoting 2 J. McCarthy, *Trademarks and Unfair Competition* § 32:31, at 737–38 (2d ed.1984)). Here, the Board will be free to consider whether the issue decided in the infringement litigation is sufficiently the same as that involved in the cancellation proceeding to determine that Jet should not now be allowed to relitigate the "likelihood of confusion" between JET and AEROB–A–JET. *See, e.g., Jet,* 165 F.3d at 425, 49 USPQ2d at 1359.

## CONCLUSION

A prior trademark infringement action will not, by action of claim preclusion, bar the subsequent prosecution of a petition for cancellation of the defendant's registered trademark. However, where common issues, such as likelihood of confusion, are actually litigated in the earlier proceeding, issue preclusion will prevent their relitigation. The Board erroneously dismissed Jet's petition for cancellation based on claim preclusion; because it did not address whether issue preclusion would prevent the assertion of the JET mark in the cancellation proceeding, it may consider that question upon remand. Accordingly, the Board's decision is reversed and the case remanded for further proceedings not inconsistent with this opinion.

## COSTS

No costs.

REVERSED AND REMANDED.

opportunity to litigate them.

MAYER, Chief Judge, dissenting.

Because I believe the Trademark Trial and Appeals Board properly dismissed the petition because of claim preclusion, I respectfully dissent.

By inquiring into the transactional facts of a case, we determine whether or not claim preclusion applies. *See* Restatement (Second) of Judgments § 24 (1982) (all actions arising from the same transaction or series of transactions constitute a single claim for purposes of claim preclusion). Under the principle of claim preclusion, "a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together." *Mars Inc. v. Nippon Conlux Kabushiki–Kaisha,* 58 F.3d 616, 619, 35 USPQ2d 1311, 1314 (Fed. Cir.1995).

Policy concerns about conserving judicial resources and preventing multiplicity of suits demand that a generous view of the rule against splitting claims be taken. "It is a misconception of *res judicata* to assume that the doctrine does not come into operation if a court has not passed on the 'merits' in the sense of the ultimate substantive issues of a litigation." *Angel v. Bullington,* 330 U.S. 183, 190, 67 S.Ct. 657, 91 L.Ed. 832 (1947). Therefore, the district court's failure to reach cancellation substantively does not prevent the application of claim preclusion. *See Bio–Technology Gen. Corp. v. Genentech, Inc.,* 80 F.3d 1553, 1563, 38 USPQ2d 1321, 1328 (Fed. Cir.1996) (in patent cases, only the jurisdictional limitations on the relief available in the International Trade Commission prevented its decisions from having *res judicata* effect).

"In its simplest construct, *res judicata* precludes the relitigation of a claim, or cause of action, or any possible defense to the cause of action which is ended by a judgment of the court." *Foster v. Hallco Mfg. Co., Inc.,* 947 F.2d 469, 476, 20 USPQ2d 1241, 1246 (Fed.Cir.1991). *Mars* addressed claim preclusion by inquiring into the transactional facts surrounding the relationship between a parent corporation and its subsidiary, and held that the relationship was so close that barring Mars from suing the parent corporation after gaining a final judgment against the subsidiary was justified. *See* 58 F.3d at 619, 35 USPQ2d at 1314. The same logic applies here. Because Jet's cancellation claim was based on the same transactional facts as its infringement claim and was brought under a similar theory of confusion against the same defendant in the infringement suit, the two causes of action were close enough to require that they be brought together in the same forum.

When the district court denied Jet's motion to amend its complaint to add a claim for cancellation of the AEROB–A–JET mark, alleging that SAS's use of its mark was likely to cause confusion with the JET and JET AERATION marks, Jet was precluded from seeking cancellation in another forum.