The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, AR 72702-1048
Dear Senator Malone:
I am writing in response to your request for my opinion on the following question:
 May an Employee Stock Ownership Plan ("ESOP") be a shareholder in a corporation which provides engineering services and which is organized under the Arkansas Business Corporation Act of 1965 ("the 1965 Act"), and which corporation is registered by and its licensed engineer/employees are registered or licensed by the State Board of Registration for Professional Engineers and Land Surveyors (the "Board")?
RESPONSE
Nothing in the 1965 Act or any Board regulation would prohibit the trustee of an ESOP from owning shares in an employer corporation that provides engineering services. The narrow answer to your question is thus "yes." However, if the ESOP trustee is a licensed engineer/employee and the trust beneficiaries include employees who are not licensed engineers, the trustee faces a potential conflict of interest that, if realized, would put him in the position of having to breach either his ethical obligations as an engineer or his fiduciary duty to trust beneficiaries.
As defined at 26 U.S.C.A. § 4975(e)(7), an ESOP is an employee retirement plan that can take various forms, including stock bonus plans, "which are qualified under section 401(a), and which are designed to invest primarily in qualifying employer securities." The stocks are normally held in trust for the benefit of the member employees, who collect accumulated benefits upon retirement. You have asked whether an ESOP, presumably through its trustee, may hold shares in a corporation offering engineering services under the applicable Arkansas law of corporations.
You indicate that the corporation at issue is organized under the Arkansas Business Corporation Act of 1965 (the "1965 Act"), codified at A.C.A. § 4-26-101 et seq. The engineering firm might have elected to be covered under the later Arkansas Business Corporation Act of 1987 (the "1987 Act"), A.C.A. § 4-27-101 et seq., but it was in no way obligated to make this election. See A.C.A. § 4-27-1701 (providing that the 1965 Act will apply to any business corporation existing prior to midnight, December 31, 1987, unless the corporation elects to be covered by the 1987 Act). The corporation was likewise not obligated to operate under the Arkansas Professional Corporation Act, A.C.A. § 4-29-201 et seq.,
since A.C.A. § 4-29-203(b) provides that the Arkansas Professional Corporation Act shall be "optional" to established and qualified professional corporations "now legally doing business in the State of Arkansas."[1] Moreover, the subject of your request might not even qualify for incorporation under the Arkansas Professional Corporation Act, which requires that "[a]ll of the officers, directors, and shareholders of a corporation subject to this subchapter shall, at all times, be persons licensed pursuant to the laws of this state governing their profession." A.C.A. § 4-29-208. You have not provided me with information regarding the firm sufficient to determine whether this requirement has been met. In my opinion, then, the only statutory provisions that bear on your request are those contained in the 1965 Act.
Nothing in the 1965 Act would restrict an engineering firm from creating an ESOP funded with its corporate stock, regardless of whether the beneficiaries of the ESOP trust include nonprofessional employees. Subsections 4-26-202(a)(5) and (6) of the Code acknowledge that a corporation may create classes of shares without restriction. Subsection4-26-708(f)(2) further provides that a trustee will be entitled to vote shares held by him so long as these are listed as held in his name on the corporate books. Additionally, A.C.A. § 4-26-204(b)(9) authorizes a corporation to do the following:
 To pay pensions and establish pension plans, pension trusts, profit-sharing plans, stock bonus plans, stock option plans, and other incentive plans for any or all of its directors, officers, and employees. . . .
Finally, A.C.A. § 4-26-204(b)(11) authorizes the corporation to do anything "necessary or convenient to effect any or all of the purposes for which the corporation is organized." In my opinion, these provisions together clearly support the conclusion that an engineering firm organized under the 1965 Act may create an ESOP, regardless of whether the trustee is a corporate shareholder or whether the beneficiaries are all licensed professionals.
However, a potential complication would arise if the ESOP trustee/shareholder were both a licensed engineer, whose professional ethical obligations might necessarily affect his voting behavior, and the fiduciary of non-professional employees, whose unqualified interest in maximizing corporate profit might diverge from those of the corporation's professional engineers. The applicable principle was aptly summarized inTarver v. Taliaferro, 244 Ark. 67, 71, 423 S.W.2d 885 (1968):
 The basic relationship between the trustee and his beneficiaries is thoroughly discussed in Hardy v. Hardy, 222 Ark. 932, 263 S.W.2d 690
(1954). As concluded in Hardy, the law demands of the trustee a high standard of loyalty in his fiduciary capacity. The reason for that well accepted rule is stated in Bogert, Trusts, 2d Ed. 543 (1960), as a recognition that it is practically impossible for the same person to act fairly in two capacities and on behalf of two interests in the same transaction.
The gravity of this fiduciary responsibility is unequivocally expressed in Hardy, which warrants excerpting at some length:
 The duties of a trustee have been many times announced in our decisions. The text writer in 54 Am.Jur. 246, et seq., announced some of the general rules as to the duties of trustees in this language: "A trustee must act in good faith in the administration of the trust, and this requirement means that he must act honestly and with finest and undivided loyalty to the trust, not merely with that standard of honor required of men dealing at arm's length in the workaday world, but with a punctilio of honor the most sensitive. * * *
 "A trustee in his administration of the trust is under the duty of acting exclusively and solely in the interest of the trust estate or the beneficiaries. * * * He may not without breach of duty take part in any transaction concerning the trust, where he has an interest in such transaction adverse to that of the beneficiary. * * *
 "A trustee is at all times disabled from obtaining any personal benefit, advantage, gain, or profit out of his administration of the trust. * * * Any benefit or profit obtained by the trustee inures to the trust estate, even though no injury was intended and none was in fact done to the trust estate," and in the recent case of Hardy v. Hardy, 217 Ark. 296, 230 S.W.2d 6, we said:
 "`As a general rule, a party occupying a relation of trust or confidence to another is, in equity, bound to abstain from doing everything which can place him in a position inconsistent with the duty or trust such relation imposes on him, or which has a tendency to interfere with the discharge of such duty.' * * *
 "In the performance of duties imposed upon a trustee it is the general rule that the trustee must exercise skill, prudence and caution and that he represents and must protect the interest of all the beneficiaries and that he must act honestly and in utmost good faith. In administering the trust, the trustee must act for the beneficiaries and not for himself in antagonism to the interest of the beneficiaries; he is prohibited from using the advantage of his position to gain any benefit for himself at the expense of the beneficiaries and from placing himself in any position where his self-interest will, or may, conflict with his duties.
* * *
 "`The trustee is under a duty to the beneficiary to administer the trust solely in the interest of the beneficiary.'"
222 Ark. at 940-41.
This potential conflict was the focus of analysis in the enclosed Ga. Op. Att'y Gen. No. U95-4 (unofficial), 1995 Ga. Op. Att'y Gen. 138. The question presented was" whether state law allows a professional corporation to issue stock to an employee stock ownership plan (hereinafter `ESOP') established as a trust, where some of the beneficiaries of the trust are employees who are not licensed to practice the profession of the corporation." Georgia law, like A.C.A. § 4-29-208
(contained within the Arkansas Professional Corporation Act), dictated that only licensed professionals could be shareholders in a professional corporation. O.C.G.A. § 14-7-5(a). Invoking Ga. Op. Att'y Gen. No. 75-61, the Georgia Attorney General initially opined that Georgia law would not prohibit establishing an ESOP trust if the trustee and all the beneficiaries were licensed professionals, since the overarching priority for all concerned would remain professional performance, not "maximizing the return on their investments." The opinion offered the following explanation for reaching a different conclusion when the trust beneficiaries include nonprofessionals:
 ESOPs are authorized pursuant to federal law, primarily for tax purposes, and without reference to trust relationships and fiduciary duties. 26 U.S.C.A. §§ 401(a) and 409. Consequently, the relationship between the trustee(s) and beneficiaries is governed by state law. Rockefeller v. First Nat'l Bank of Brunswick, 154 F. Supp. 122, 126
(N.D. Ga. 1957). Under Georgia law, a trustee has a fiduciary responsibility to the beneficiaries of the trust and owes them an absolute duty of loyalty. See generally, 1982 Op. Att'y Gen. 82-82, pp. 165-166 (citing various authorities on the duty of loyalty). As such, the trustee of a professional corporation's ESOP owes the trust's beneficiaries his undivided loyalty and "can not place himself in a position which would subject himself to conflicting duties, or expose him to the temptation of acting contrary to the best interests of the [beneficiaries]." Perdue v. McKenzie, 194 Ga. 356, 369 (1942). This duty of loyalty is considered the most fundamental duty of a trustee. Bogert, Trusts and Trustees, § 543 (rev. 2d ed. 1978).
 Allowing a corporation to issue stock to an ESOP trust with nonprofessional beneficiaries could result in a conflict of interest situation for the trustee. Since the statutory limitation under consideration implies that the best interests of the nonprofessional beneficiaries may be contrary to the professional standards of the corporation, the trustee could be faced with either acting contrary [to] the standards of the profession to advance the interests of the beneficiaries, or violating his duty of loyalty to the beneficiaries by not acting in their best interest.
Based on this reasoning, the Georgia Attorney General opined that O.C.G.A. § 14-7-5(a), which is materially indistinguishable from A.C.A. § 4-29-208, prohibited establishing an ESOP trust in a professional corporation if any of the trust beneficiaries would be non-professionals.[2]
Nothing in your request or the supporting material your have provided me indicates whether non-professional employees would be included as beneficiaries of the proposed ESOP trust.[3] Assuming they would, if the professional corporation at issue in your request were organized under the Arkansas Professional Corporation Act, I would opine that the ESOP would be prohibited from holding corporate shares for the reasons set forth in the Georgia opinion.[4] I appreciate that this opinion does not bear directly on your request since, as noted above, the engineering firm is controlled only by the 1965 Act, which contains no proscription against the formation of an ESOP trust. However, my opinion with respect to the Arkansas Professional Corporation Act is still significant insofar as it acknowledges that the legislature has recognized the potential conflict of interest that exists for ESOP trustees in professional corporations, even though it has not foreclosed that conflict for professional corporations organized under the 1965 Act.
In summary, then, although I consider it legal for the engineering firm to establish an ESOP trust that is funded with corporate stock, I believe the trustee will face a potential conflict of interest (a) if he is himself a licensed engineer in the firm and (b) if non-professional employees are included among the trust beneficiaries. Because of the trustee's necessarily divided loyalties under such circumstances, I further believe the trustee will face a potential conflict of interest that, if realized, will compel him to breach either his ethical obligations as an engineer or his fiduciary duty to trust beneficiaries.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosure
[1] Although before adoption of the Arkansas Professional Corporation Act it would have been illegal for certain professionals such as lawyers to incorporate, see former A.S.A. § 25-205, no such proscription applied to engineers. See former A.S.A. title 71, chapter 10 (regulating engineers yet imposing no prohibition against incorporation).
[2] I should note that the described conflict of interest exists even when an entity is not a professional corporation. At issue whenever a corporate insider serves as an ESOP trustee is the application of the "exclusive benefit" rule set forth in the Employee Retirement Income Security Act (ERISA), which provides: "A fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and — (A) for the exclusive purposes of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan. . . ." ERISA § 404(a)(1),29 U.S.C.A. § 1104(a)(1). As one commentator has noted:
 Shareholders, officers, and directors (insiders) of companies that also serve as fiduciaries (either committee members or trustees) of the company's ESOP generally are aware that they wear two "hats." As insiders of the company, their duties are to operate the company for the benefit of shareholders. As fiduciaries of the ESOP, they are required to act in the best interest of the plan participants and beneficiaries.
R. Musick, ESOPS: Conflicts of Interest Bedevil Corporate Insiders, 12 No. 5 Va. Employment L. Letter 6 (June 2000). See also M. Canan,Qualified Retirement and Other Employee Benefit Plans § 3.40 (2000 Prac. ed.) (generally reviewing the fiduciary duties of ESOP trustees in light of ERISA's exclusive benefit rule.
[3] However, I assume the beneficiaries would include nonprofessionals. Professional corporations of various sorts regularly employ nonprofessionals to provide support services. Indeed, A.C.A. §17-30-301(4) even goes so far as to provide that mere employees may engage "in the practice of engineering as a profession" so long as "one of the owners or incorporators is a professional engineer" and "the practice of engineering as engaged in is done under the supervision and direction of a professional engineer."
[4] In support of your request, you have attached a letter from counsel for the engineering firm at issue. Although the letter makes no reference to the Georgia opinion discussed above, it does cite the opinions of two attorneys general who approved ESOP stock trusts in professional corporations. The more recent opinion, 56 N.C. Op. Att'y Gen. 43, is clearly inapplicable because the North Carolina statute expressly authorized non-licensed employees to own 1/3 of the issued and outstanding corporate shares. The earlier opinion, 1979-1980 Mich. Op. Att'y Gen. No. 5285, is perhaps best described as succinct. At issue was a Michigan statute flatly prohibiting anyone other than licensed professionals from owning stock in a professional corporation. The opinion quite rightly noted: "The purpose of requiring shareholders of a professional service corporation to be members of the profession is to assure the public that the shareholders who participate in decisions concerning the rendering of professional services are licensed members of that profession." The opinion then concluded "that when all of theparticipants of the ESOP and all of the trustees (or their successors) areduly licensed professional employees of the employer, an employee stock ownership trust may hold stock of a professional corporation." (Emphasis added.) This opinion consequently does not extend to the situation where the employee "participant" is not a licensed professional.