**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
No. 17-1763C

(Filed: July 17, 2018)

|  |  |
|---|---|
| THE TOLLIVER GROUP, INC., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

ORDER

Pending before the court are three motions: (1) defendant's motion to dismiss filed March 9, 2018 ("Def.' First Mot."), ECF No. 8, (2) defendant's second motion to dismiss, filed May 17, 2018 ("Def.'s Second Mot."), ECF No. 15, and (3) plaintiff's unopposed motion for leave to file a second amended complaint (Pl.'s Mot."), ECF No. 20. Procedurally, defendant's first motion to dismiss was superseded by plaintiff's filing an amended complaint, ECF No. 9. *See Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 1365 (Fed. Cir. 2000). Defendant's second motion to dismiss related to plaintiff's amended complaint. To respond to that motion to dismiss, plaintiff has sought leave to file a second amended complaint. A hearing was held on July 9, 2018, and a status conference was held the next day, July 10, 2018, as the parties endeavored to clarify and address the jurisdictional issues attendant to plaintiff's claims and the various motions.

Plaintiff, The Tolliver Group, Inc. ("Tolliver"), brought this action under the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 7103(d), (f)(5), 7104(b)(1), to pursue its claim for partial reimbursement of its costs in successfully defending a suit by a relator under the False Claims Act, 31 U.S.C. § 3730, concerning work Tolliver performed for the Army under Contract No. W56HZV-09-A-A902, Task Order 10. On September 8, 2017, the contracting officer had denied Tolliver's claim, ruling that Tolliver's legal fees were not allowable costs under Task Order 10, citing 48 C.F.R. §§ 31.201-2(a), (d), 31.201-4. *See* Compl. Attach. A. Defendant ("the government") moved to dismiss Tolliver's original complaint primarily on the ground that reimbursement of legal fees is not an allowable cost under a firm fixed-price contract. *See* Def.'s First Mot. at 1, Hr'g Tr. 29:9-12 (July 9, 2018). Tolliver responded by amending its complaint to allege two contract claims, namely, constructive change and breach of contract. *See* Am. Compl. ¶¶ 24-35. The monetary relief Tolliver sought was, however, the same as in its first complaint, $195,889.78, *i.e.*, 80 percent of its costs in successfully defending against the relator's suit. Hr'g Tr. 21:11-17. The government filed its second motion to dismiss that amended complaint, contending that the contract had not been breached but rather had been fully performed and that Tolliver had been paid all amounts due it under the contract. *See generally* Def.'s Second Mot.

At the hearing, the parties advised that Task Order 10 was novated to Tolliver on September 25, 2012, and at that time the Task Order was a fixed-price level-of-effort contract. On April 23, 2013, however, Modification 8 to Task Order 10 removed the Army's obligation to provide Government Furnished Information, changed the delivery date, and converted the Task Order to a firm fixed-price contract. Modification 8 reportedly was a bilateral change to Task Order 10. The relator's claim apparently concerned Task Order 10's terms as they stood prior to Modification 8.

Tolliver, faced with the reality that its claims for constructive change and breach of contract had little factual basis, *see*, *e.g.*, Hr'g Tr. 22:16-18, 25:21 to 26:4, now wishes, through a second amended complaint, to return to a claim for allowable legal fees.

In the circumstances, the court DENIES defendant's first motion to dismiss as moot, DENIES defendant's second motion to dismiss as moot, and GRANTS plaintiff's motion for leave to file a second amended complaint.

The court anticipates that the government will file a further motion to dismiss and that the issues will center around the timing and effect of Modification 8 to Task Order 10 on the provisions of the Federal Acquisitions Regulations that bear on allowability of legal fees as a cost under the contract.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge

2