NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5030

S. EMANUEL LIN
(doing business as Aptus Company),

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: August 4, 2005

_____

Before RADER, BRYSON, and LINN, Circuit Judges.

RADER, Circuit Judge.

Mr. S. Emanuel Lin d/b/a Aptus Company (Mr. Lin) appeals the decision of the United States Court of Federal Claims denying Mr. Lin's claim of wrongful termination of a contract with the United States Army Corps of Engineers (Government). Because substantial evidence supports the Court of Federal Claims' finding that the Government terminated Mr. Lin for default, this court affirms.

I

Mr. Lin won a contract to update and automate hydroelectric power equipment at the Saulte Ste. Marie Hydroelectric Power Plant in Michigan for $1,225,110. Aptus Co. v. United States, No. 01-362C, slip op. at 3 (Fed. Cl. Aug. 30, 2004) (Decision).

Although Mr. Lin was the lowest bidder during the contract solicitation, the Government became concerned that Mr. Lin, as a single-man operation, did not have the expertise and staff required to complete the contract. Id. at 4. Mr. Lin allayed the Government's concerns by providing written assurances that he would recruit workers with the necessary experience to complete the contract. Id. Consequently, Mr. Lin won the bid and received the contract.

The contract required Mr. Lin to install government-furnished equipment (GFE) including governor, excitation, Supervisory Control and Data Acquisition (SCADA) equipment, and to design and install a neutral grounding system, a new switchboard and switchgear for Unit 10, a 125 VDC distribution panel, and several other smaller items. Id. at 3 & n.5. The contract required completion within 450 days after the Government issued a Notice to Proceed, which issued on December 9, 1998. Id. at 4. The parties executed a bilateral agreement on November 24, 1999, extending the deadline by 150 days due to the Government's delay in delivering the GFE, thereby moving the deadline to July 31, 2000. Id. at 4 n.7.

On January 14, 2000, the Government issued a cure notice to Mr. Lin because he "was unable to make sufficient progress under the contract, failed to comply with required submittals, failed to provide a realistic work schedule, and had inadequate staffing to perform the work required under the contract." Id. at 4. Mr. Lin responded and the cure notice did not mature into a termination for default at that time. Id. at 6. However, the Government requested the Hydroelectric Design Center (HDC) to inspect Mr. Lin's work. Id. The HDC prepared a full report of its findings and recommended terminating Mr. Lin for default. Id.

The Government issued a show cause notice to Mr. Lin on May 1, 2000, noting the findings of the HDC and Mr. Lin's failure to cure the conditions in the January 14, 2000 cure notice. Id. After allowing Mr. Lin an opportunity to cure the conditions in the show cause notice, the Government terminated the contract for cause on June 30, 2000. Id. at 7.

Mr. Lin, acting pro se, filed suit in the Court of Federal Claims alleging wrongful termination and modification of the contract. Id. at 2. The trial court upheld the Government's termination for cause based on Mr. Lin's lack of satisfactory progress under the contract, id. at 34, and violations of contract requirements, id. at 37. Mr. Lin appeals to this court, which has jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

II

This court reviews issues of contract interpretation de novo. Galaxy, Inc. v. United States, 998 F.2d 953, 957 (Fed. Cir. 1993). This court reviews factual findings for clear error. Merck & Co. v. Teva Pharms., Inc., 395 F.3d 1364, 1368 (Fed. Cir. 2005). A factual finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).

Mr. Lin argues that the trial court applied the wrong standard in reviewing the Government's decision to terminate the contract for cause. The trial court, citing Seaboard Lumber Co. v. United States, 903 F.2d 1560, 1562 (Fed. Cir. 1990), properly stated that it was reviewing the termination for default de novo. Decision at 11. The trial court went on to provide a forty-page opinion thoroughly analyzing the facts and

issues under a de novo standard. This court finds that the trial court applied the correct standard of review.

Mr. Lin next argues that the Government did not carry its burden of proof to establish default termination. As regards default termination for lack of progress, the trial court found in favor of the Government based on (1) the percentage of work completed and the amount of time remaining under the contract, (2) the problems with subcontractors and suppliers, (3) the failure to meet goals for progress of the work, and (4) the over-all evidence of Mr. Lin's failure to prosecute his work under the contract. Id. at 31. Specifically, the trial court found that "(i) approximately 68% of the work remained to be completed under the contract at the termination date, and, at best, a mere 23.33% of the construction time remained, (ii) [Mr. Lin] experienced significant difficulties with subcontractors, [ ] (iii) Mr. Lin was unable to conform to the scheduling representations he made," and (iv) Mr. Lin's efforts frequently resulted in work that was unsatisfactory. Id. Much of the evidence supporting these factual findings was introduced by and through Mr. Lin. These findings are not clearly erroneous.

The Court of Federal Claims also ruled against Mr. Lin's defense of excusable delay. Specifically, the trial court did not consider the Government's delay in delivering the GFE as creating excusable delay because the parties agreed to extend the contract deadline by 150 days as compensation for that delay. Id. at 32. The trial court also did not consider delays caused by late delivery of the SCADA equipment because the termination decision did not rely on the non-completion of the SCADA installation. Id. The trial court considered, and rejected, Mr. Lin's argument that the GFE was

incomplete and had defective parts upon delivery, thereby causing excusable delay. Id. at 33.

Mr. Lin had the burden to demonstrate that the defects in the GFE delayed activities on the critical path to the completion of the contract. The trial court found that defects of the GFE did not affect the critical path because Mr. Lin "had ample design work that was able to be completed without reference to the GFE." Id. Mr. Lin also represented to the Government that his updated schedules were achievable despite the problems with the GFE. Because substantial evidence supports these facts, this court affirms the Court of Federal Claims' finding that Mr. Lin's delay was not excusable.

Because this court upholds the Government's default termination for lack of sufficient progress, this court does not reach the additional grounds upon which the Court of Federal Claims sustained the Government's default termination.