NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5077

BRIAN JAFFE LEWIS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

.

Brian Jaffe Lewis, of El Paso, Texas, pro se.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.

Appeal from:  United States Court of Federal Claims

Judge Lawrence M. Baskir

# United States Court of Appeals for the Federal Circuit

2009-5077

BRIAN JAFFE LEWIS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 06-CV-838, Judge Lawrence M. Baskir.

_____

DECIDED: August 7, 2009

_____

Before SCHALL, PLAGER, and MOORE, Circuit Judges.

PER CURIAM.

Brian Jaffe Lewis appeals a decision of the U.S. Court of Federal Claims granting the government's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim for which relief could be granted. Lewis v. United States, No. 06-CV-838 (Fed. Cl. Apr. 10, 2009). We affirm.

Mr. Lewis enlisted in the U.S. Army on December 29, 1982 and served for two years. In 1976, prior to his enlistment, Mr. Lewis injured his hip. During his service in the Army, he complained of hip pain, but Army physicians could identify no injury or

medical condition. After Mr. Lewis was discharged for unsatisfactory performance of duty in 1984, he sought compensation in several fora for his hip injury.

Mr. Lewis submitted eight applications to the Army Board for Correction of Military Records (ABCMR), which denied them all and concluded that he was correctly discharged for "reasons other than physical disability." Mr. Lewis also filed a claim with the Board of Veterans Affairs (Board). In 1984, the Board initially denied Mr. Lewis's claim because it found that his pre-service injury had not been aggravated during his service. After considering several new medical opinions, the Board finally concluded that Mr. Lewis's hip pain was likely not the result of an injury sustained while on active duty and that Mr. Lewis was employable. In 2005, Mr. Lewis also sued the United States in the U.S. District Court for the Western District of Texas in connection with his effort to correct his discharge records. The district court dismissed Mr. Lewis's complaint after finding that his claims were barred by the six-year statute of limitations pursuant to 28 U.S.C. § 2401.

Finally, in 2006, Mr. Lewis sued the United States in the Court of Federal Claims. Mr. Lewis alleged criminal charges of conspiracy, malice, fraud, perjury, and mayhem; wrongful denial of his service-connected benefits by the Board; and wrongful discharge and failure to correct his records by the ABCMR. Mr. Lewis seeks his retirement benefits, correction of his military records, and $4.7 trillion in monetary compensation. The Court of Federal Claims granted the government's motion to dismiss for lack of subject matter jurisdiction with regard to the criminal and Board issues, and for failure to state a claim with regard to the ABCMR issues. See Rules of the Ct. Fed. Cl. 12(b)(1), 12(b)(6). Mr. Lewis timely appealed. We have jurisdiction under 28 U.S.C.

§ 1295(a)(3). We review the trial court's dismissal de novo. Frazer v. United States, 288 F.3d 1347, 1351 (Fed. Cir. 2002).

The Court of Federal Claims correctly concluded it lacked subject matter jurisdiction over Mr. Lewis's criminal charges and his claims directed to the Board's denial of benefits. See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) (affirming dismissal of claims founded on the federal criminal code); 38 U.S.C. § 7252(a) ("The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals.").

The Court of Federal Claims also correctly concluded that Mr. Lewis failed to state a claim in connection with his military discharge records and benefits. A claim should be dismissed "when the facts asserted by the claimant do not entitle him to a legal remedy." Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002). In a case involving the same parties and the same claims, the U.S. District Court for the Western District of Texas ruled that these claims were barred by the six-year statute of limitations pursuant to 28 U.S.C. § 2401. This ruling was a final adjudication on the merits. As such, Mr. Lewis is precluded by the doctrine of res judicata from pursuing the same claims before the Court of Federal Claims. See Jet, Inc. v. Sewage Aeration Sys., 223 F.3d 1360, 1362 (Fed. Cir. 2000) (explaining the requirements for res judicata). Because the Court of Federal Claims correctly concluded that Mr. Lewis's complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim, the decision of the court is affirmed.

## COSTS

No costs.