# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SCOTT HEFFELBOWER,
               Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
               Agency.

DOCKET NUMBER
CH-0841-20-0609-I-1

DATE: August 2, 2022

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Kevin A. Graham</u>, Esquire, Liberty, Missouri, for the appellant.

<u>Tiffany Slade</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his Federal Employees' Retirement System (FERS) disability retirement appeal as barred by the doctrine of res judicata. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 The appellant was employed as a GS-11 Claims Specialist for the Social Security Administration (SSA) until he was removed effective June 28, 2019. Initial Appeal File (IAF), Tab 4 at 29-34. As relevant here, he appealed a July 1, 2019, reconsideration decision from the Office of Personnel Management (OPM) denying his January 2019 application for FERS disability retirement benefits. *Heffelbower v. Office of Personnel Management*, MSPB Docket No. CH-844E-19-0472-I-1, Appeal File (0472 AF), Tab 1. In his statement of disability, the appellant asserted that he suffered from major depression, acute anxiety, emotional crisis, panic attacks, panic episodes, back injury and pain, and opioid dependence. 0472 AF, Tab 11 at 62. After holding a hearing, the administrative judge issued an initial decision affirming OPM's reconsideration decision and finding that the appellant failed to show by preponderant evidence that "his stated medical condition caused a deficiency in his performance, attendance, or conduct, or that any of his conditions were incompatible with useful and efficient service or retention in his position." 0472 AF, Tab 20, Initial Decision (0472 ID) at 8-9. Neither party petitioned for review and the initial decision became final on March 31, 2020. *Id.* at 11.

¶3 Subsequently, on June 23, 2020, the appellant filed a second application for disability retirement benefits. IAF, Tab 4 at 12-13. He claimed that, in addition to the previously identified conditions, he suffered from "several physical and emotional conditions," including post-traumatic stress disorder (PTSD), difficulty concentrating, obsessive behavior, delusional disorder, insomnia, and degenerative disk disease. *Id.* OPM declined to consider this application finding that it was substantially the same as his first application, and stating "this is the

final response that OPM will make regarding the denial of your disability claim." IAF, Tab at 7-8.

¶4 The appellant filed a new appeal with the Board challenging OPM's August 24, 2020 letter informing him of its decision not to consider his disability retirement application. IAF, Tab 1. The administrative judge issued an order to show cause instructing the appellant to file evidence and argument showing why his appeal should not be dismissed on the basis of res judicata or collateral estoppel. IAF, Tab 3. The appellant responded, arguing that his second application included different medical conditions, some of his prior identified conditions worsened, and that SSA removed him after he requested a reconsideration decision from OPM. IAF, Tab 4 at 4-10. Without holding his requested hearing, the administrative judge issued a final decision dismissing the appellant's appeal for lack of jurisdiction. IAF, Tab 1 at 2, Tab 13, Initial Decision (ID) at 1-2, 6-7. She concluded that his claim was barred by the doctrine of res judicata, reasoning that his arguments and evidence were considered in his prior Board appeal. ID at 6.

¶5 The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has not responded to the appellant's petition.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). Under 5 U.S.C. § 8461(e), the Board has jurisdiction to review "[a]n administrative action or order affecting the rights or interests of an individual" under FERS. The Board generally lacks jurisdiction to hear an appeal of a retirement matter when OPM has not issued a reconsideration decision on the

matter. *DeGrant v. Office of Personnel Management*, [107 M.S.P.R. 414](#), ¶ 9 (2007). However, when as here, it is apparent that OPM does not intend to issue a new reconsideration decision that addresses the merits of the appellant's second application, the Board retains jurisdiction to adjudicate the merits. *Luzi v. Office of Personnel Management*, [106 M.S.P.R. 160](#), ¶ 9 (2007).

The doctrine of res judicata does not completely bar the appellant's claims.

¶7    The administrative judge found that the appellant's claims were barred by res judicata concluding "[he] attempt[ed] to relitigate his entitlement to disability retirement benefits during a period covered by a prior Board decision, and failed to raise any issues that could not have been brought in his prior appeal." ID at 6. On review, the appellant asserts that the doctrine of res judicata is inapplicable because his "conditions are significantly different from those outlined in the first application and create a substantially different and new application for benefits." IAF, Tab 1 at 5-9.

¶8    Without much analysis, the administrative judge determined that the appellant's appeal was precluded because he failed to "raise[] medical or other evidence arising after the Board's February 25, 2020 Initial Decision and, in fact, relie[d] on medical evidence arising prior to his October 2019 hearing and employment evidence arising prior to OPM's July 1, 2019 final agency decision." ID at 6. We disagree.

¶9    Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action. *Peartree v. U.S. Postal Service*, [66 M.S.P.R. 332](#), 337 (1995). Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if the following requirements are met: (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Id.* For res judicata to bar a new claim, the new claim

must be based on the same set of transactional facts as the earlier one. *Encarnado v. Office of Personnel Management*, [116 M.S.P.R. 301](), ¶ 11 (2011); *see Jet Inc. v. Sewage Aeration Systems*, [223 F.3d 1360](), 1363 (Fed. Cir. 2000) (explaining that "courts have defined 'transaction' in terms of a 'core of operative facts,' the 'same operative facts,' or the 'same nucleus of operative facts,' and 'based on the same, or nearly the same, factual allegations.'").

¶10      There is no dispute that the first and second criteria are satisfied because the Board had jurisdiction to decide the prior appeal under [5 U.S.C. § 8461](e) and [5 C.F.R. § 841.308]() and issued a final decision on the merits. PFR File, Tab 1 at 4-10; 0472 ID. There is also no dispute that the same parties are involved. PFR File, Tab 1 at 4-10; 0472 ID. Thus, the only issue remaining is whether the same transactional facts are involved in the two appeals. Here, the appellant is not challenging the Board's final decision that he is not eligible for disability retirement benefits based on his January 2019 application. Rather, he argues that he submitted a new and different application for disability retirement benefits in June 2020, and it was entitled to consideration. IAF, Tab 1 at 4, Tab 4 at 8. He also argues that his removal was not properly considered. IAF, Tab 4 at 6-9. The administrative judge found that the appellant's arguments, including his removal from Federal service and his psychiatric hospitalization, were considered by the administrative judge in the prior appeal and the instant appeal "grants neither the opportunity to review or change the issues that were, or could have been, raised previously." ID at 6. Although the administrative judge mentioned that "[t]he appellant was [] removed from Federal service for excessive absence," 0472 ID at 3, and his "documented hospitalization" in the prior appeal, she did not consider them in her analysis.[2] *Id.* at 8, 10.

---

[2] The administrative judge first mentioned the appellant's hospitalization in a quote from his physician statement wherein his provider stated that he was hospitalized in May and August 2019. 0472 ID at 8; 0472 AF, Tab 12 at 4. She subsequently referred to his hospitalization as a point of reference to note that the record contained "no medical documentation describing [the appellant's] medical condition after . . .

*The appellant's delusional disorder diagnosis is not barred by res judicata.*

¶11        The appellant argues here, as he did below that his second application included several conditions that were not previously identified "such as PTSD, [d]elusional [d]isorder, [o]bsessive [b]ehavior, [c]hronic [p]ain and several conditions relating to his back and spine."  PFR File, Tab 1 at 8; IAF, Tab 4 at 8. The appellant's first disability retirement application to OPM listed major depression, acute anxiety, emotional crisis, panic attacks, panic episodes, back injury and pain, and opioid dependence.  0472 AF, Tab 11 at 62; IAF, Tab 4 at 11.

¶12        According to the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (DSM-5), delusional disorder is within the schizophrenia spectrum and other psychotic disorders and is not related to the anxiety and depressive disorders that the appellant identified in his disability retirement application. IAF, Tab 4 at 11; 0472 AF, Tab 11 at 62.  Therefore, we find that the appellant's delusional disorder is a new condition that he did not identify in his first disability application.  0472 ID at 9; 0472 AF, Tab 1 at 4, Tab 12 at 5, Tab 17 at 2.  Thus, he is entitled to a decision on the merits on his second disability retirement application as it relates to his delusional disorder diagnosis.[3]

---

May, 2019."  0472 ID at 10.  Nonetheless, as is more fully discussed below, res judicata precludes the appellant from litigating his removal and entitlement to the presumption set forth in *Bruner v. Office of Personnel Management*, 996 F.2d 290, 293-94 (Fed. Cir. 1993).

[3] In the appellant's prior appeal, the Board lacked jurisdiction to consider evidence of his delusional disorder diagnosis.  *See Rozar v. Office of Personnel Management*, 61 M.S.P.R. 136, 140 (1994) (explaining that the Board generally will not consider evidence relating to a totally different or additional medical condition that was not the subject to the appellant's application to OPM).  The appellant attempted to include that he suffered from delusional disorder in his first appeal.  0472 AF, Tab 17 at 2.  He alleged that he submitted evidence of this condition to OPM and they failed to consider it.  0472 AF, Tab 1 at 4.  In response, the administrative judge advised him that "he would need to connect [his delusional disorder] to a condition listed on the disability retirement application, considered by OPM."  *Id.* (citing *Chappell v. Office of Personnel Management*, 79 M.S.P.R. 302, 305-06 (1998)).  In her initial decision, the

*The appellant's PTSD and obsessive behavior may be partially barred by res judicata.*

¶13    According to the DSM-5, there are close relationships between the anxiety disorders and some of the obsessive-compulsive and related disorders. To the extent that the appellant's PTSD and obsessive behavior relate to his previously identified anxiety and depressive disorders, he is limited to litigating the worsening of those conditions after the record closed in his prior appeal on September 24, 2019.

The appellant's other claims are barred by res judicata.

¶14    The appellant reiterates his claim that his second application is based in part on the worsening of his known conditions. PFR File, Tab 1 at 6-8; IAF, Tab 4 at 5-10. However, he did not provide this as a basis for his claim in his second application to OPM. IAF, Tab 4 at 12. Instead, the appellant stated "in addition to the previously identified conditions." Even if we were to assume that the appellant provided "worsening of conditions" for his previously identified conditions as a basis for his second application, we are not persuaded by this claim. *Id.* at 11-12. The evidence in the record indicates that the appellant's claim involves the same time period that was addressed in his first appeal and could have been raised in his prior appeal. *Compare Luzi*, 106 M.S.P.R. 160, ¶ 9 (finding that an appellant may raise a claim for disability retirement with regard to a different time period than addressed in her first appeal when it is based on new evidence showing a worsening of her condition). In this case, both of the appellant's applications identify that he became disabled for his position in October 2017. *Id.* Further, the medical evidence he provided below predated the close of the record. *Id.* at 14-19. Therefore, the appellant is precluded from litigating the worsening of his known conditions before September 24, 2019.

administrative judge only adjudicated the conditions listed on his OPM application, briefly stating that she saw no medical records addressing the appellant's delusional disorder in the record. 0472 ID at 9.

¶15        The appellant also reasserts on review that "[he] is entitled to the *Bruner* presumption,[4] which he did not receive" in his prior appeal. PFR File, Tab 1 at 9; IAF, Tab 4 at 9. Specifically, he appears to argue that he was deprived of the *Bruner* presumption because the administrative judge did not properly consider his removal, even though "the [a]gency took their [sic] action against [him] with full understanding of his medical conditions and with the belief that his medical conditions were the cause for his absences and, therefore, his removal." PFR File, Tab 1 at 9-10; IAF, Tab 4 at 8-9. However, as explained above, res judicata applies where, as here, the appellant attempts to litigate claims that he could have asserted in the prior proceeding. *Peartree*, 66 M.S.P.R. at 337.

¶16        In his prior appeal, the appellant contested OPM's final decision denying his 2019 disability retirement application. 0472 AF, Tab 1. SSA removed him effective June 28, 2019, prior to his Board appeal and the issuance of the initial decision in that matter. IAF, Tab 4 at 29-39; 0472 ID. The appellant could have raised this claim in the prior proceeding or in a petition for review of the initial decision. As such, the appellant's new argument, regarding his removal and related *Bruner* presumption, is precluded by res judicata.[5] *See Berromilla v. Office of Personnel Management,* 83 M.S.P.R. 350, ¶¶ 5-6 (1999) (finding the petitioners were precluded from a new argument challenging OPM's authority to administer its retirement regulations where the claim could have been raised in their earlier proceeding challenging their entitlement to retirement benefits).

---

[4] Under *Bruner*, an employee's removal for disability, i.e., medical inability to perform his job duties, establishes a prima facie case of his entitlement to disability retirement benefits, and shifts the burden to OPM to produce sufficient evidence to support a finding that he is not entitled to disability retirement benefits. *See Bruner v. Office of Personnel Management*, 996 F.2d 290, 293-94 (Fed. Cir. 1993).

[5] To the extent that the appellant raised his hospitalization in July and August 2019, in the instant appeal, he is similarly precluded from litigating this claim on remand.

We remand this appeal for a decision on the merits.

¶17      As noted above, the instant appeal is based on a different disability retirement application than was addressed in the appellant's original appeal. On remand, the administrative judge shall make specific findings on whether the appellant's PTSD and obsessive behavior relate to his previously identified anxiety and depressive disorders by soliciting additional testimony and evidence, if necessary. The administrative judge shall also provide the parties the opportunity to submit evidence and argument, including a hearing, if requested, on the appellant's June 23, 2020 FERS disability retirement application as it relates to his delusional disorder diagnosis and worsening conditions arising after September 24, 2019.[6] After considering any additional evidence and argument as appropriate, the administrative judge shall issue a new initial decision consistent with this order.

## ORDER

¶18      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:             /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.

---

[6] The appellant is not precluded from raising a claim for disability retirement with regard to a different time period than addressed in his first appeal, based on new evidence showing a worsening of her condition. *See Luzi*, 106 M.S.P.R. 160, ¶ 9.