THIS ORDER IS A
PRECEDENT OF THE
TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

Bukrinsky

May 19, 2023

Cancellation No. 92075375

*Common Sense Press Inc. d/b/a Pocket
Jacks Comics*

*v.*

*Ethan Van Sciver and Antonio J. Malpica*

**Before Wellington, Pologeorgis, and English,
Administrative Trademark Judges.**

**By the Board:**

This proceeding comes before us on Ethan Van Sciver and Antonio J. Malpica's

(collectively "Respondents") "Notice of Termination of Re-Examination and Motion

for Judgment," filed January 9, 2023.[1] The motion is fully briefed.[2]

---

[1] 28 TTABVUE. After the commencement of this proceeding, the involved mark was assigned to Ethan Van Sciver. The assignment was recorded with the Assignment Branch of the United States Patent and Trademark Office (USPTO) at Reel/Frame 7256/0446. Mr. Sciver was joined as a party defendant to this proceeding on July 6, 2021. 17 TTABVUE 4. Mr. Malpica was maintained as a party defendant in the proceeding only to facilitate discovery and trial.

[2] *See* 28-30 TTABVUE. Citations to the cancellation record refer to TTABVUE, the Board's online docketing system. *See Turdin v. Trilobite, Ltd.,* 109 USPQ2d 1473, 1476 n.6 (TTAB 2014). Specifically, the number preceding "TTABVUE" corresponds to the docket entry number, and any number(s) following "TTABVUE" refer to the page number(s) of the docket entry where the cited materials appear.

The parties' submissions, including trial briefs, motions, responses, and replies, should utilize citations to the TTABVUE record created throughout the proceeding and during trial to facilitate the Board's review of the evidence throughout the proceeding and at final

## I.    Background

Respondent Ethan Van Sciver owns, by virtue of assignment from Respondent Antonio J. Malpica, Registration No. 6102744 for the standard character mark COMICS GATE ("COMICS" disclaimed) for "comics," in International Class 16.[3] Common Sense Press Inc. d/b/a Pocket Jacks Comics ("Petitioner") filed a petition to cancel the registration on October 1, 2020, asserting claims of nonuse, abandonment, and fraud.[4] Respondents filed an answer on December 29, 2021 denying the salient allegations in the petition to cancel and asserting the affirmative defense of unclean hands.[5]

On March 23, 2022, Petitioner filed a petition to the Director of the USPTO requesting reexamination of Registration No. 6102744 under Trademark Act 16B, 15 U.S.C. § 1066b.[6] The same day, Petitioner filed a motion to suspend this cancellation proceeding pending final determination of any reexamination proceeding the Director might institute.[7]

---

hearing. *See* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 801.03 (2022).

[3] The underlying intent-to-use application was filed by Mr. Malpica on September 3, 2018 under Trademark Act Section 1(b), 15 U.S.C. § 1051(b). The registration issued on July 14, 2020.

[4] 1 TTABVUE.

[5] 24 TTABVUE.

[6] *See* 25 TTABVUE 7. *See also* Petition for Expungement/ReExam form. The filings relevant to the reexamination proceeding can be viewed from the USPTO's Trademark Status & Document Retrieval (TSDR) database by accessing the registration record for Registration No. 6102744.

[7] 25 TTABVUE.

Cancellation No. 92075375

The Director of the USPTO instituted a reexamination proceeding on May 9, 2022 (Reexamination No. 2022-100062R).[8] Therein, Respondents were informed that to avoid cancellation they must submit evidence sufficient to "establish use of the mark for [comics] as of the deadline for filing a statement of use pursuant to Trademark Act Section 1(d), which is August 13, 2020."[9]

On May 19, 2022, the Board granted Petitioner's motion to suspend, finding that "the reexamination proceeding may have a bearing on this cancellation proceeding, inasmuch as it could result in cancellation of the involved registration."[10] The parties were ordered to notify the Board within twenty days of final determination of the reexamination proceeding so the cancellation proceeding could be called up for appropriate action.[11]

The reexamination proceeding was terminated on January 6, 2023 when the Director issued a notice of termination stating:

> Upon review of the evidence of record, the USPTO determined that registrant has demonstrated use of the mark in commerce for all goods, subject to the proceeding. 37 C.F.R. § 2.93(c)(3)(i).
>
> The evidence and arguments provided by the registrant demonstrates valid use of the relevant goods in interstate commerce. Registrant has also established that the relevant goods were provided through trade channels that directly affect interstate commerce during the period of time relevant to this proceeding.

---

[8] *See* Notice of Institution/Non-Final Action.

[9] *Id*. at TSDR 2.

[10] 27 TTABVUE 2 (citing Trademark Rule 2.94, 37 C.F.R. § 2.94). *See also* TBMP § 510.02(a) (Board proceedings may be suspended pending final determination of an expungement or reexamination proceeding pending before the USPTO, where such proceeding may have a bearing on the Board case).

[11] 27 TTABVUE 3-4.

3

Accordingly, no change is required to the registration, and the proceeding is terminated. 37 C.F.R. § 2.94.[12]

Before us now is Respondents' Notice of Termination of Re-Examination and Motion for Judgment.[13] Respondents request that the Board enter judgment in their favor on Petitioner's nonuse and abandonment claims based on issue preclusion, or in the alternative, issue a show cause order to Petitioner as to why judgment should not be entered against it on these claims.[14]

## II. Reexamination and Expungement Proceedings Under the Trademark Modernization Act

Reexamination and expungement proceedings are ex parte proceedings created by the Trademark Modernization Act of 2020 ("TMA"), and related regulations went into effect on December 18, 2021. *See* 15 U.S.C. §§ 1066a (expungement), 1066b (reexamination); Trademark Rules 2.91-2.94, 37 C.F.R. §§ 2.91 – 2.94. Both types of proceedings are instituted in connection with a registration by the Director of the USPTO, either on the Director's own initiative or pursuant to the receipt of a petition, upon determining that there exists information and evidence that supports a prima facie case of nonuse of the mark for some or all of the goods or services identified in the registration as of the relevant time period. 15 U.S.C §§ 1066a(c)(1), 1066b(d)(1); *accord* 37 C.F.R. § 2.92. Any person filing a petition requesting institution of a reexamination or expungement proceeding must submit "all documentary evidence supporting a prima facie case of nonuse of the mark in commerce and an itemized

---

[12] Notice of Termination - Acceptance.

[13] 28 TTABVUE.

[14] 28 TTABVUE 3; 30 TTABVUE 3.

index of such evidence." 37 C.F.R. § 2.91(c)(9). After submitting the petition, however, that person has no further involvement with any reexamination or expungement proceeding that the Director may institute. Such a proceeding, if instituted, proceeds ex parte. 15 U.S.C. §§ 1066a(d), 1066b(e) (both stating that the procedures for the proceedings "shall be the same as the procedures" for ex parte examination).

After institution, the registrant has an opportunity to rebut the prima facie case of nonuse. 15 U.S.C. §§ 1066a(e),(f), 1066b(f); *accord* 37 C.F.R. § 2.93(a). If the registrant is successful in rebutting the evidence and complies with all outstanding requirements, the proceeding is terminated with no change to the registration. 15 U.S.C. §§ 1066a(g), 1066b(g); *accord* 37 C.F.R. §§ 2.93, 2.94.

The statute contains explicit estoppel provisions that bar the filing of future expungement or reexamination proceedings as to the identical goods or services once a proceeding of the same kind has been instituted. 15 U.S.C. §§ 1066a(j), 1066b(j); *accord* 37 C.F.R. § 2.92(d)(1) and (2). However, neither the statute nor regulations set forth a limitation on any party's ability to petition to cancel a registration just because it is or has been the subject of a reexamination or expungement proceeding. *See generally* 15 U.S.C. §§ 1066a, 1066b; 37 C.F.R. §§ 2.91-2.94. Consistent with the statute, the USPTO's rules confirm that "termination of an expungement or reexamination proceeding in favor of the registrant does not bar future nonuse cancellation actions under [Trademark Rule] § 2.111 with respect to the registration." CHANGES TO IMPLEMENT PROVISIONS OF THE TRADEMARK MODERNIZATION ACT OF 2020, 86 Fed. Reg. 64300, 64306 (Nov. 17, 2021); *see also*

37 C.F.R. § 2.111(b). It is also clear that the decision to institute (or not) "shall not prejudice any party's right to raise any issue and rely on any evidence in any other proceeding" except as provided in sections 1066a(j) and 1066b(j). 15 U.S.C. §§ 1066a(c)(3), 1066b(d)(3).

## III. Reexamination and Expungement Proceedings Have No Preclusive Effect in TTAB Proceedings Against Non-Parties to Those Ex Parte Proceedings

Inasmuch as reexamination and expungement proceedings are ex parte, they have no preclusive effect against a petitioner who seeks to cancel that same registration through a cancellation proceeding – even if that petitioner also submitted the petition requesting institution of a reexamination or expungement proceeding. *See Blonder--Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329, 169 USPQ 513, 519 (1971) ("litigants ... who never appeared in a prior action [] may not be collaterally estopped without litigating the issue.... Due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position."); *Jet, Inc. v. Sewage Aeration Sys.*, 223 F.3d 1360, 55 USPQ2d 1854, 1856 (Fed. Cir. 2000) (claim preclusion only applies where both proceedings involve the same parties or their privies); *In Re FCA US LLC*, 126 USPQ2d 1214, 1219 (TTAB 2018) ("We have never applied issue preclusion against a nonparty to the first action") (quoting *In re Trans Texas Holdings Corp.*, 498 F.3d 1290, 83 USPQ2d 1835, 1840 (Fed. Cir. 2007) (emphasis omitted). *Cf. In re Cordua Rests.*, 823 F.2d 594, 118 USPQ2d 1632, 1635 n. 2 (Fed. Cir. 2016) (decision in an ex parte registration proceeding does not have preclusive effect in subsequent proceeding); *Miss Universe L.P. v. Community Marketing, Inc.*, 82 USPQ2d 1562, 1571 (TTAB 2007) (Examining

Attorney's decision to pass applicant's mark to publication was "not dispositive or even relevant" in subsequent inter partes proceeding).

Further, inasmuch as a person who files a petition requesting institution of a reexamination or expungement proceeding is not a party to that ex parte proceeding, he or she has no right to appeal the Director's decision in that proceeding. As we recently stated, "[i]f a party cannot appeal the outcome of an earlier proceeding, then the second action is not barred under either [claim or issue] preclusion." *Valvoline Licensing & Intellectual Prop. LLC v. Sunpoint Int'l. Grp. USA Corp.*, 2021 USPQ2d 785, at *7 (TTAB 2021) (citing *AVX Corp. v. Presidio Components, Inc.*, 923 F.3d 1357, 2019 USPQ2d 171683, at *4-5 (Fed. Cir. 2019) (it is "a traditional preclusion principle that neither claim nor issue preclusion applies when appellate review of the decision with a potentially preclusive effect is unavailable")).

In view of the foregoing, we hold as a matter of law that the termination of a reexamination or expungement proceeding in favor of a registrant cannot be the basis for the registrant's assertion of claim or issue preclusion in a proceeding before the Board to cancel that registration. This is consistent with the statute, which explicitly provides the parameters for when expungement and reexamination proceedings have estoppel effect, and does not include in that a preclusive effect for TTAB proceedings.

Nor is there a basis to issue a show cause order to a petitioner in a cancellation proceeding in that situation. Instead, upon receiving notice from the parties that a pending reexamination or expungement proceeding involving a registration has been

terminated in favor of the registrant in a cancellation proceeding to cancel that registration, the Board will simply resume the proceeding and reset dates.

Accordingly, Respondents' motion for judgment based on either claim or issue preclusion, and in the alternative for a show cause order, is **denied**.[15]

## IV. Proceedings Resumed; Dates Reset

In view of the termination of the reexamination proceeding that occasioned the suspension of this cancellation action, proceedings herein are **resumed**. Remaining discovery, disclosure, and trial dates are reset as follows:

| | |
|---|---|
| **Expert Disclosures Due** | 8/23/2023 |
| **Discovery Closes** | 9/22/2023 |
| **Plaintiff's Pretrial Disclosures Due** | 11/6/2023 |
| **Plaintiff's 30-day Trial Period Ends** | 12/21/2023 |
| **Defendant's Pretrial Disclosures Due** | 1/5/2024 |
| **Defendant's 30-day Trial Period Ends** | 2/19/2024 |
| **Plaintiff's Rebuttal Disclosures Due** | 3/5/2024 |
| **Plaintiff's 15-day Rebuttal Period Ends** | 4/4/2024 |
| **Plaintiff's Opening Brief Due** | 6/3/2024 |
| **Defendant's Brief Due** | 7/3/2024 |
| **Plaintiff's Reply Brief Due** | 7/18/2024 |
| **Request for Oral Hearing (optional) Due** | 7/28/2024 |

---

[15] Petitioner is reminded that under Rule 11 of the Federal Rules of Civil Procedure, by presenting to the Board a pleading, written motion, or other paper, whether by signing, filing, submitting, or later advocating it, a party is certifying that all claims and other legal contentions asserted in this proceeding are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law and that the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. *See* Fed. R. Civ. P. 11(b). *See also* TBMP § 318. In addition, the parties are advised that although the submissions provided in a reexamination or expungement proceeding and entered in the registration form part of the record, they are subject to the evidentiary rules governing Board proceedings. *See* Trademark Rule 2.122; TBMP § 704.

**IMPORTANT TRIAL AND BRIEFING INSTRUCTIONS**

Generally, the Federal Rules of Evidence apply to Board trials. Trial testimony is taken and introduced out of the presence of the Board during the assigned testimony periods. The parties may stipulate to a wide variety of matters, and many requirements relevant to the trial phase of Board proceedings are set forth in Trademark Rules 2.121 through 2.125, 37 C.F.R. §§ 2.121-2.125. These include pretrial disclosures, the manner and timing of taking testimony, matters in evidence, and the procedures for submitting and serving testimony and other evidence, including affidavits, declarations, deposition transcripts and stipulated evidence. Trial briefs shall be submitted in accordance with Trademark Rules 2.128(a) and (b), 37 C.F.R. §§ 2.128(a) and (b). Such briefs should utilize citations to the TTABVUE record created during trial, to facilitate the Board's review of the evidence at final hearing. *See* TBMP § 801.03. Oral argument at final hearing will be scheduled only upon the timely submission of a separate notice as allowed by Trademark Rule 2.129(a), 37 C.F.R. § 2.129(a).